JOSEPH CANDEE, Respondent, *v.* ERASMUS H. SMITH, Impleaded, etc., Appellant.

Where the holder of a joint promissory note, prior to the Code of Civil Procedure (§ 1278), took judgment by confession for the whole amount against one of the makers, *held,* that the liability of the other makers was discharged by the judgment; the note as to all having been merged therein.

(Argued June 27, 1883 ; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made July 17, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*Adelbert Moot* for appellant. The note having been merged in the judgment no longer exists, and the judgment being against Corbin alone, he alone is bound by it, and Smith is discharged thereby. (*Robertson* v. *Smith,* 18 Johns. 457 ; Chitty on Bills, 350 ; *Pierce* v. *Kearney,* 5 Hill, 85 ; *Oakley* v. *Aspinwall,* 4 N. Y. 542 ; 9 Serg. & Rawle, 145 ; 4 Johns. Ch. 568 ; 13 M. & W. 505 ; *Suydam* v. *Barber,* 18 N. Y. 470 ;

*Olmstead* v. *Webster*, 4 Seld. 413.) The fact that by the Code, § 1278, the rule has been changed, makes no difference in this case, because the defendant is discharged by the recovery of the former judgment against Corbin by plaintiff, and that judgment was recovered October 4, 1875, more than two years before section 1278 of the Code took effect. (*Risley* v. *Brown,* 67 N. Y. 385; *Randall* v. *Sackett,* 77 id. 480; *Ogden* v. *Saunders,* 12 Wheat. 213; *Matter of Lee & Co.'s B'k,* 21 N. Y. 9; Story on Const., § 1385; *King* v. *Dedham B'k,* 15 Mass. 447; *Dash* v. *Kluck,* 7 Johns. 477; *Couch* v. *Jeffries,* 4 Burr. 2460; 6 Bac. Abr. 370; *Frisbie* v. *Larned,* 21 Wend. 450; *Clement* v. *Brush,* 3 Johns. Cas. 181.)

*J. M. Humphrey* for respondent. A judgment against one joint debtor is no bar to an action against all the joint debtors on the same contract. (*Sheehy* v. *Mandeville,* 6 Cranch, 253; *Lovejoy* v. *Murray,* 3 Wall. 13; *U. S.* v. *Lyman,* 1 Mason, 506; *Drake* v. *Mitchell,* 3 East, 252; *Sharpe* v. *Gibbs,* 16 C. B. [N. S.] 527; Old Code, chap. 3, §§ 382, 383, 384; New Code, tit. 2, §§ 1273–1278; 3 R. S. [6th ed.] 377, § 1; New Code, §§ 758, 1204, 1278, 1932–1946; *Oakley* v. *Aspinwall,* 4 N. Y. 514; *Brumskill* v. *James,* 1 id. 279; *Lane* v. *Salter,* 51 id. 1; *Dean* v. *Eldridge,* 28 How. Pr. 218; *Johnson* v. *Smith,* 23 id. 444; *Sydam* v. *Barber,* 18 N. Y. 468; *Selden* v. *Vermilya,* 1 id. 534; *Mason* v. *Eldred,* 6 Wall. 231, 239.) By paying the note Smith would be subrogated to all the rights and securities held by plaintiff therefor. (*First Nat. B'k* v. *Wood,* 71 N. Y. 405.)

RUGER, Ch. J. On the 4th day of October, 1874, the respondent, who was the payee and holder of a joint promissory note for $800, dated May 1, 1874, made by Dewitt C. Corbin, Byron D. Person and Erasmus H. Smith, and payable six months after date, with interest at the Bank of Attica, Buffalo, took judgment thereon by confession for the whole amount due, against the defendant Corbin alone. Thereafter he

caused execution to be issued upon such judgment, and collected a portion by a sale of Corbin's property thereunder. A part of the judgment remaining uncollected, in July, 1877, the respondent commenced this action upon the same note, making each of the makers parties defendant. The defendant Smith alone appeared, and alleged, among other things in defense thereof, that he was a mere surety upon the note, for the defendant Corbin, and that he was discharged from his liability, by reason of the judgment against Corbin alone, and the various proceedings afterward taken by respondent thereunder.

Upon the trial at Special Term, the plaintiff proved his note and rested; thereupon the defendant put in evidence the judgment-roll against Corbin alone, referred to. The defendant then moved to dismiss the complaint upon the ground that his liability upon the note had been discharged by the judgment taken by Candee against Corbin. This motion was denied by the court, and defendant excepted to the decision.

The findings made by the court below show the facts as hereinbefore stated, and upon them, the court also found that the plaintiff was, as matter of law, entitled to recover the amount of his note against the defendant. To this finding of law the defendant duly excepted, and this exception raises the principal question argued.

It is claimed by the appellant that his liability upon the note was extinguished by the judgment taken by the holder thereof against one of its joint makers. We think the point is well taken. The plaintiff of his own volition elected to prosecute one of the joint makers, and proceeded to judgment against him. The note, as to all of the parties, became thereupon merged in the judgment, and no right of action survived to the holder as against any of the joint makers omitted by him in the original prosecution. Whatever might be our opinion were this an original question, it has been too long settled to be questioned in the courts of this State. Neither is it material to examine the grounds upon which this rule was founded, for, whether it be that upon the severance of the parties to a joint contract by the voluntary act of the obligee

therein, the nature of the contract has been so changed that its original obligors have been discharged, or that the security of the simple contract has been absorbed by, and merged in the higher security of a judgment, is unimportant, for the long-settled rule cannot be changed otherwise than by direct legislative action.

It is necessary to cite but few of the cases decided in our courts in which the principle has been discussed and applied: (*Robertson* v. *Smith*, 18 Johns. 459; *Pierce* v. *Kearney*, 5 Hill, 85; *Oakley* v. *Aspinwall*, 4 N. Y. 542; *Suydam* v. *Barber*, 18 id. 470; *Ehle* v. *Bingham*, 7 Barb. 494.)

The current of authority has been, for a long course of years, uniform and unbroken in the highest courts of the State, and as no opinion was rendered in the courts below we are at a loss to know the theory upon which they proceeded in giving judgment to the plaintiff.

The Code of Civil Procedure, by section 1278, enacted in 1880, expressly provides that a judgment by confession against one joint debtor should not bar a subsequent action against other parties liable upon a joint obligation. Until this time the law had remained unchanged. It was always deemed immaterial whether the judgment was obtained in an action or by confession, since it was the judgment alone which operated as a merger of the joint cause of action.

When the judgment by confession was taken it operated immediately to discharge the defendant Smith from his liability upon the note.

This action was not only commenced, but was tried, before the enactment of section 1278 of the Code of Civil Procedure, and it was to correct errors committed on that trial that this appeal is brought. That section does not affect this appeal. (*Risley* v. *Brown*, 67 N. Y. 160.)

It is unnecessary to examine the other questions in the case.

The judgment should be reversed and a new trial ordered.

All concur, except ANDREWS, J., absent.

Judgment reversed.