DANIEL S. COONLEY, RESPONDENT; *v.* ELIJAH W. WOOD, APPELLANT.

*Joint and several makers of note—the satisfaction of a judgment recovered against one discharges the other.*

The payees of a joint and several note made by the defendant and Smith Wood, having transferred the same to the firm of Coonley & Smith, the latter brought an action thereon against both makers, but the summons was served upon and a judgment, by default, entered against Smith Wood only. Subsequently Smith Wood transferred a mare to the said firm, and the same was received by it " in satisfaction of judgment against him only."

Thereafter the said firm having sold the mare for fifty-five dollars, brought this action against the defendant to recover the residue of the note.

*Held,* that the acceptance of the mare in satisfaction of the judgment against Smith Wood, released the defendant from all further liability therein.

· APPEAL from a judgment in favor of the plaintiff, entered upon report of a referee.

The defendant and Smith Wood made and delivered to the payees thereof the following note:

$80.                                     ALTONA, *Oct.* 18, 1878.

For value received, I promise to pay Baker & Wood eighty dollars at Altona express office, with use, January 1, 1880.

.  E. W. WOOD.
                                         SMITH WOOD.

The payees transferred the note to Coonley & Smith. After its maturity they brought an action in this court against both makers, but served the summons upon Smith Wood only, and entered judgment upon his default against him only. Supplementary pro-

ceedings for the collection of the judgment were instituted against Smith Wood, pending which he transferred to the plaintiffs a mare in satisfaction of the judgment against himself. The plaintiffs received the mare and indorsed upon the note this memorandum : "Received of Smith Wood one bay mare, in satisfaction of judgment against him only ; " and afterwards sent him a receipt to the same effect. Plaintiffs in that action sold the mare for fifty-five dollars, and claiming that to that extent only was the judgment reduced, the present plaintiff, as survivor of Coonley & Smith, brought this action against this defendant and recovered the judgment from which this appeal is taken.

*Gilbert & Kellas*, for the appellant.

*Albert Hobbs*, for the respondent.

LANDON, J. :

The Code of Civil Procedure (§ 456) provides, where a summons issued against two or more defendants, alleged to be severally liable, is served upon some but not upon all of them, the plaintiff may proceed against those upon whom it is served, as if they were the only defendants named therein.

This note was joint and several, and as it was set forth in the action against both defendants, their several liability appeared. It is only where the liability is joint that judgment against one discharges the others not served. Where the obligation is joint, it is but one obligation, and that is not divisible; being indivisible it cannot be as to part of the joint debtors in judgment, and as to part in contract. (*Candee* v. *Smith,* 93 N. Y., 349.) But no such reason exists when the contract is severable, and therefore there may be a judgment as to part of the debtors and a contract as to the others. (*Stannard* v. *Mattice,* 7 How. Pr., 4.) The several liability of the two makers of the note was therefore properly placed in a judgment as to one, and remained in the note as to the other. Each one could therefore discharge his own several liability without discharging that of the other; except as each was severally liable for the same claim, to the extent that it was paid or satisfied by one, it was paid or satified as to the other. Coonley & Smith received the mare from Smith Wood in satisfaction, at least,

of the judgment against him, but agreeing with him to sell the mare and apply the proceeds, after deducting the costs in the judgment, upon the note against this defendant, and thus satisfy the note *pro tanto* only as to this defendant. No price was agreed upon between Smith Wood and Coonley & Smith for the mare. Coonley & Smith subsequently sold the mare for fifty-five dollars, and claim that that sum only was paid them by Smith Wood, and therefore Elijah Wood is liable for the balance.

The referee found, in response to requests of the defendant, that the judgment was satisfied as to Smith Wood, but as to him only. If he had simply found that Smith Wood, in consideration of the delivery of the mare to Coonley & Smith had been released from liability upon the judgment, upon the understanding that the proceeds of the sale of the mare should be applied upon the judgment, a different case would be presented. Where the debt is joint and several one debtor may be released and the other held. (*Morgan* v. *Smith*, 70 N. Y., 537.) But if the debt is satisfied by either, nothing remains for either to pay. If the judgment was satisfied the debt was satisfied, and to allow the plaintiff to recover again would be to allow him to receive satisfaction twice upon one debt. The finding that the judgment was satisfied is supported by the receipts given, and by the fact that no price was placed upon the mare at the time she was transferred to Coonley & Smith. By the agreement the mare was the consideration of the satisfaction. The title to her vested in them. Whether her value was greater or less than the judgment was immaterial. When a sum of money is due, it cannot be satisfied by the debtor's payment of a smaller sum, for the debt being measured in money we know the smaller sum cannot pay in full a larger sum; but when the satisfaction is in articles of property, we know the parties can by agreement place any price they please upon the articles, and if they do agree that any article shall satisfy any debt, they may thus make the one the equivalent and consideration of the other. (*Brown* v. *Feeter*, 7 Wend., 301; *Grocer's Bank* v. *Fitch*, 1 T. & C., 651; S. C, 58 N. Y., 623.) In this case the judgment was satisfied the instant the mare was transferred to Coonley & Smith. She became their property, and whether they made a profit or loss by the transaction is immaterial.

Judgment reversed, reference discharged, new trial ordered, costs to abide the event.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.