Hall, J.
This action was commenced to recover from defendants, as co-partners, the sum of $1,910. The defendant, Kantrowitz, alone was served with process, although, an appearance was duly served for both defendants, an *541 attachment was obtained against both defendants, and a levy made thereunder.
An offer to allow judgment for the full amount claimed was duly made on behalf of defendant Kantrowitz alone, which was accepted by the plaintiff, and judgment was entered accordingly, and still remains of record.
Henry Kordlinger and others, on whose behalf this motion is made, brought suit against defendants and obtained attachments subsequent to that of plaintiff, and they now seek to vacate the attachment granted herein on the ground that plaintiff, having accepted the offer of one of the joint debtors, and entered judgment against him, the debt has become merged in the judgment and no longer has an existence, and plaintiff can have no further remedy against the defendant Kulla or the firm, and therefore there is no ground for upholding the attachment against the firm of Kulla.
It is too well settled in this state to admit of argument that a judgment against one of two joint debtors merges the debt, and that no action will lie thereafter against the other, excepting only in the case of a judgment by confession, which is especially provided for by section 1278 of the Code, Candee v. Smith, 93 N. Y., 349, and cases cited.
The judgment in this action was not entered by confession hut after action brought, and under an entirely different provision of the Code.
The legislature, after enacting section 1278 of the Code, had in view, undoubtedly, the hardship which might ensue to creditors by compelling them to obtain the confession of all joint debtors, or else to merge the claim against all in a judgment against one, and evidently desired to facilitate and encourage the acceptance of judgment by confession rather than have debtors put to the expense of an unnecessary law suit, but the absence of any such provision in regard to judgments upon offers after suit is conspicuous, and would seem to be conclusive of the legislative intent not to extend the privilege to cases of that nature, and proper construction requires that where a distinction is clearly recognized and provided in an act, it must be maintained throughout.
The action then is ended, the court is powerless to award any further relief to plaintiff in this action; he has elected to have judgment against one of the joint debtors, and so has merged and extinguished his cause of action against the other.
The judgment rendered herein does not affect the partnership property, but only the interest of the defendant Kantrowitz, therein, and the attachment was issued against the joint property and the separate property of each defendant, but as plaintiff has elected to enter judgment against one he can have no relief against the joint property or the separate property of the other, and, therefore, the attachment can serve no useful purpose, but if allowed to stand, would *542 only act as a foil to the moving parties and other creditors, who have been diligent in seeking their remedies and have-made no false steps in seeking to enforce their rights.
It was argued, or suggested, that the right to raise the question here presented was a personal privilege appertaining to the other joint debtor, and that if he did not object to the action proceeding to judgment against him, that no one else could complain. This argument is not sound. It would leave too much room for collusion, and the debt is. extinguished absolutely by action and operation of law, and any one whose rights are effected may invoke the remedy.
The moving parties have no standing in the action, and ' cannot appear upon the trial and contest plaintiff’s claim as against the defendant Kulla, and the relief sought by them upon this motion is the only means at their command for-obtaining their redress.
The attachment will be vacated as against the joint property of the defendants, and the separate property of defendant Kulla, with ten dollars costs to the moving party.