## KANTROWITZ v. KULLA.

*N. Y. City Court, General Term ; October*, 1887.

1. *Entry of judgment on offer of one joint debtor; effect.*] A judgment entered against one of the several joint debtors on an offer to allow judgment made by him under Code Civ. Pro. § 738, does not bar the action against the others who do not join in the offer and are not included in the judgment.

2. *The same; confession of judgment* ] The provision of Code Civ. Pro. § 1278, that a confession of judgment by one only of several joint debtors is not a bar to an action against the others upon the same demand, is to be liberally construed, and should not be limited to technical judgments by confession without action, but should be held to embrace confessions made through the medium of a *cognovit* or offer to allow judgment after action brought.

Appeal by the plaintiff from an order vacating his attachment in part.

Jerome H. Kantrowitz sued Jacob Kulla and Abraham I. Kantrowitz as copartners, and on July 27, 1887, obtained an attachment against their property. On August 3, 1887, Abraham I. Kantrowitz served an offer to allow judgment to be taken against "him" in the action, for the amount claimed, with interest and costs. On the following day the plaintiff accepted the offer and entered judgment thereon. Nordlinger and others, subsequent attaching creditors, thereupon moved to vacate the attachment obtained by the plaintiff, in so far as it affected the joint property of both defendants and the separate property of Kulla, the defendant, not included in the offer and judgment.

Code Civ. Pro. § 738, provides that "the defendant may, before the trial, serve upon the plaintiff's attorney, a written offer, to allow judgment to be taken against him,

for a sum, or property, or to the effect therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants against whom a separate judgment may be taken."

Code Civ. Pro. § 1278, provides as follows: "One or more joint debtors may confess a judgment for a joint debt, due or to become due. Where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against those only who confessed it; and it is not a bar to an action against all the joint debtors, upon the same demand."

The judge granted the application on the ground that the judgment entered against one of the joint debtors barred all remedy by the creditor against the other, that the provisions of Code Civ. Pro. § 1278, were intended to obviate the hardship of compelling the creditor to obtain the confession of all joint debtors, or else to merge the claim against all in a judgment against one, and that the absence of any such provisions as to judgments on offers after suit was conclusive of the legislative intent not to extend the privilege to cases of that nature (Opinion reported in 9 *N. Y. State Reporter*, 540).

The motion was accordingly granted, and plaintiff appealed.

*D. A. Levien*, for the plaintiff, appellant.

*H. W. Mack*, for the attaching creditors, respondents.

McAdam, Ch. J.—An offer to allow judgment under section 738 of the Code is but a substitute for the former *cognovit* by which a defendant who had no defense, gave to the plaintiff a written confession of the action (*Graham's Pr.* 2d ed. 781). Assuming, therefore, that the offer provided for by section 738 is practically a written confession by the defendant making it, there is no reason why judg-

ment may not be entered against the one making it, without barring the action against the other joint debtor who did not (*Code Civ. Pro.* § 1278). Prior to the enactment of this section, a judgment against one joint debtor operated to merge the debt in the higher security of the judgment, which was regarded as a bar to any action against the other joint debtors, and this whether the judgment was recovered by action or upon confession (Candee *v.* Smith, 93 *N. Y.* 349). Section 1278 was designed to change this technical rule of the common law, by permitting one of several joint debtors to confess a judgment without impairing the legal remedies of the creditor against the others who do not join in the confession.

This section (1278), in our judgment, was passed with reference not only to section 1273, which provides for judgments by confession "without action" but to section 738, which authorizes a form of judgment by confession "after action" through the medium of a *cognovit* or offer. There is certainly no cogent reason why the new rule introduced by section 1278 should be limited in its application to "confessions," technically so called, or why it should not be held to embrace "confessions" made through the medium of a *cognovit* or offer to allow judgment. They are all confessions of judgment authorized by the Code, serve the same purpose, and differ only in name and form. There is no magical force in the name of a thing, for the law looks to substance, not form. It regards the thing and not the name by which it is called. The new provision is remedial in its nature, and should be liberally construed to give it efficiency, according to it evident spirit and intent. Effect must be given to the purpose of a statute though the construction seem contrary to the strict letter of the act (Jackson *v.* Collins, 3 *Cow.* 89; White *v.* Wager, 32 *Barb.* 250 ; Rice *v.* Mead, 22 *How. Pr.* 445) ; for a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter (People *v.* Utica Ins. Co., 15 *Johns.* 358, 380).

Properly interpreted, section 1278 of the Code applies to the case at bar, and by force of its provisions the judgment entered against the one joint debtor upon his offer of judgment, did not merge the debt or bar the remedy of the creditor against the other debtor not included in the offer and judgment. It follows therefore that the order vacating the attachment as to the partnership property of both debtors, and as to the separate interest of the one not included in the offer and judgment, must be reversed, with costs.

NEHRBAS, J. (concurring)—A strict construction of section 1278 of the Code would undoubtedly exclude judgments entered upon offers after suit brought. But I agree with the chief justice that that section, being in its nature remedial, should be liberally construed, and that the maxim " *expressio unius est exclusio alterius* " should not be strictly applied.

I therefore concur in the opinion of the chief justice.