THE NATIONAL BROADWAY BANK, IN THE CITY OF NEW YORK, RESPONDENT, *v.* HENRY F. HITCH, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Severing an action against joint debtors — effect of a judgment against one of them — a mistake of law or of fact — power of the court over its judgments.*

The National Broadway Bank, in June, 1886, brought an action upon a note made by the firm of H. H. Swift & Co., composed of two persons of the name of Swift and of Henry F. Hitch. A demurrer interposed by the Swifts to the complaint was overruled. The action was severed by order, and judgment against the Swifts was entered, on July 21, 1886, on the demurrer.

On July 26, 1886, Hitch answered and set up the judgment against the Swifts, the defendants being joint debtors, as a bar, to which defense the plaintiff demurred. A motion to overrule the answer as frivolous was granted, and judgment was entered against Hitch. The order and judgment having been reversed at General Term the case, as against Hitch, was placed upon the calendar for trial, and while in this condition, and on June 21, 1892, the plaintiff moved to vacate the judgment obtained against the Swifts, which motion was granted and Hitch appealed.

*Held,* that the motion should have been denied.

That it was a rule of the common law that a judgment rendered against one of several joint debtors, in an action against him alone, was a bar to an action against the others.

That section 456 of the Code of Civil Procedure, relative to the severance of an action as to the parties thereto, did not apply to joint debtors, and that the order severing the action obtained by the plaintiff did not alter the common-law rule.

That, assuming that the plaintiff's laches in moving to vacate the judgment against the Swifts could be excused, the court could not assist the plaintiff whether his mistake was one of law or one of fact.

That if the mistake was one of law there was no remedy, while, if it could be regarded as one of fact, not arising upon the trial (Code of Civil Procedure, §§ 1290, 1291), the motion should have been made within two years from the entry of judgment on July 21, 1886.

That the inherent power of the court over its own judgments could be invoked only in cases where the relief sought affected only the original parties, and did not affect the vested rights of third persons.

That the judgment against the Swifts merged the partnership debt and absolutely discharged Hitch, and that the court had no power to resuscitate, as against him, a liability once extinguished.

APPEAL by the defendant, Henry F. Hitch, from an order entered in the office of the clerk of the city and county of New York on the 24th day of June, 1892, granting to the plaintiff leave to vacate a judgment, entered in this action against the defendants Humphrey H. Swift and Alfred G. Swift on the 21st of July, 1886, in favor of plaintiff for the sum of $5,068.84, upon the plaintiff paying to the defendant, Henry F. Hitch, his costs and disbursements in said action to date, to be taxed, within twenty days from the day of service of the order on the attorneys for the plaintiff, with leave to the said defendant, Henry F. Hitch, to withdraw or amend his answer herein within twenty days, and in case said costs were not paid within said time, the motion to vacate said judgment was denied, with ten dollars costs.

The action was brought by the Broadway National Bank to recover upon a promissory note made by the firm of H. H. Swift & Co., composed of two persons of the name of Swift (Humphrey H. Swift and Alfred G. Swift), and of Henry F. Hitch.

The judgment against the Swifts was entered on July 21, 1886. Thereafter, on July 26, 1886, the answer of Hitch, setting up as a bar the judgment against the Swifts, was served. The order granting leave to vacate the judgment against the defendants Swift was granted June 24, 1892.

*Henry A. Forster*, for the appellant.

*William F. McRae*, for the respondent.

O'BRIEN, J. :

This appeal brings up for review an order granting leave to plaintiff to vacate a judgment in its favor entered against two of the defendants. This action was brought in June, 1886, on a promis-

sory note made by the defendants under their firm name of H. H. Swift & Co., which firm was composed of Humphrey H. Swift, Alfred G. Swift and Henry F. Hitch. The defendants Swift separately appeared and interposed a demurrer to the complaint, which was overruled and the action severed as to them by order of the court, and judgment upon the demurrer entered as against them. Thereafter an answer was served on behalf of Hitch, setting up the judgment thus entered against the Swifts as a bar. The plaintiff moved to overrule this answer as frivolous, which motion was granted, and a separate judgment was entered thereon against Hitch; but an appeal having been taken from the order overruling the answer as frivolous, it resulted in this court reversing the order and judgment against Hitch. Thereafter the cause was placed on the calender for trial, and although once set down for the 17th of June, 1892, it did not come up until after the plaintiff's application to vacate the judgment as to the other defendants Swift, which was granted, and from such order this appeal is taken.

It will thus be seen that the plaintiff, while correct in its view that the defense of Hitch was not a meritorious one, was in error in assuming that it was bad in law. Throughout the litigation and down to the decision of the Court of Appeals in June, 1892, in the case of *Heckemann* v. *Young* (45 N. Y. St. Rep., 846) the plaintiff refused to assent to the doctrine laid down in that case, which held that "it is the rule of the common law, recognized and enforced by the courts of this State, except as modified by section 1278 of the Code of Civil Procedure, (relating to judgments by confession), that a judgment rendered against one of several joint-debtors in an action against him alone is a bar to an action against the others."

From 1886 to 1892, a period upwards of five years, the plaintiff knew that the defendant Hitch relied upon this rule of law as a defense; and the excuse presented for not making the motion sooner was principally based upon the error into which the plaintiff seems to have fallen as to the law governing the liability of joint debtors, and the rule that the entry of judgment against any, merged the claim, and would release from obligation the other joint debtors.

In addition, the respondent, undoubtedly, had confidence in the validity of the order obtained by him, severing the action as to the parties hereto, and reliance upon the efficacy of the order so

entered, may, for a time, have prevented him from moving. As, however, the section of the Code (456), relating to the severance of parties, has reference to cases where persons are severally, and not jointly, liable, the entry of such order did not prevent, upon the entry of the judgment against two of the joint debtors, the merging of the entire debt and the releasing of the other joint debtor.

Assuming, however, that the laches, in moving, could be excused, the question would still be presented whether the plaintiff could obtain any relief, whether the mistake in entering the judgment was one of law or of fact. That no relief can be afforded upon the first ground, we think is settled by the cases of *Jacobs* v. *Morange* (47 N. Y., 57), and *Weed* v. *Weed* (94 id., 243, 247). If, however, it could be regarded as an error in fact not arising upon the trial, then, not having been made within two years, the court could not, upon this ground, have afforded any relief. (Code, §§ 1290, 1291.)

But the respondent insists that the court has full and inherent power over its judgments to amend or vacate them, and is not confined or limited in its action by section 724 of the Code, or the sections 1290, 1291, last referred to.

It is true, as held in the cases referred to by the respondent, that this court has power to open defaults and to vacate judgments, and that such power does not depend upon section 724, but exists independently of that, and inheres in the very constitution of the court. (*Vanderbilt* v. *Schreyer*, 81 N. Y., 646; *Dinsmore* v. *Adams*, 48 How., 274.)

But while the court has ample power in respect to the correction of omissions or mistakes, and can grant relief to a party "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," it can only exercise such power where the relief relates to a judgment or order affecting only the original parties in the proceeding, and does not affect, impair or destroy vested rights of third persons. The difficulty that is presented, and which rendered the court, upon the motion, powerless to grant relief against "the technical and harsh rule of the common law," resulted from the fact that, by the vacating of this judgment, a new liability was created against the defendant Hitch. That this is so becomes apparent when we consider the situation of the parties at the time the motion to vacate the judg-

ment was made. It being now conceded that the liability of Hitch for the partnership debt was wholly extinguished by the entry of judgment against his partners, the only purpose sought to be served by vacating such judgment is to create a new liability on his part to the plaintiff, or, what is the same thing, resuscitate the extinguished liability by vacating the judgment against his partners. This, we think, the court was powerless to do.

We have been referred to no authority changing the rule at common law, "that a right of action once extinguished, as by merger, though for never so short a time, is gone forever and cannot again revive." (*Sinclair* v. *Hollister*, 41 N. Y. St. Rep., 350; *People ex rel. Roberts* v. *Bowe*, 81 N. Y., 45; 2 Blackstone's Com., 177; 3 Stevens' Com., 316.) On the other hand, while no precedent for the precise question here presented is afforded by the decisions of our own State, we are referred by the appellant to some English cases which uphold this rule of the common law relating to the revival of a cause of action once extinguished, and go to the extent of holding that a court has no power to create a new liability by vacating a judgment which merged the debt and discharged the person sought to be held liable thereon. (*Hammond* v. *Schofield*, L. R., Q. B. Div., vol. 1, 1891, p. 453; *Odell* v. *Cormack Brothers*, L. R., 19 id., 223; *The Bellcairn*, L. R., 10 Pro. Div., 161.)

We think, therefore, apart from the question of plaintiff's laches in moving, that the principle contended for by appellant is correct, that inasmuch as the judgment against his copartners merged the partnership debt and discharged the defendant Hitch from liability thereon, the court could not create a new liability against Hitch by vacating it.

We should have been pleased to have found support for the position of the learned judge below in seeking to relieve the plaintiff from the harshness of the rule at common law, but, as the relief sought to be obtained was beyond his power to grant, our conclusion is that the order appealed from must be reversed, with costs and disbursements, and the motion to vacate denied.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order reversed, with costs and disbursements, and the motion to vacate denied.