# Cases

CITIZENS' NATIONAL BANK of Corry, Penn., Respondent, *v.* ABIJAH WESTON and Another, Appellants, Impleaded, etc.

*Action on a promissory note against makers and indorsers — severance thereof — leave to serve a supplemental answer, when properly denied.*

Where the indorsers of a note are in default, in an action brought upon the same against the makers and indorsers thereof, the liability of the indorsers being several as distinguished from that of the makers, the plaintiff in such action is entitled to a judgment against the indorsers and a severance of the action to entitle him to proceed against certain of the makers, the answering defendants.

In an action against the makers and indorsers of a promissory note, the judgment against the indorsers was properly entered, by default, but by mistake the judgment was entered as against one of the makers. The plaintiff, upon learning of the error, obtained an order vacating the judgment as to such defendant.

The answering defendants, after the entry of such judgment, moved for and obtained an order changing the place of trial of the action for the convenience of witnesses, whose testimony would bear only on the issues joined by the original answer, and would be entirely immaterial to the defense which it was proposed to set up in a supplemental answer which they asked leave to serve.

*Held,* that a motion made by the answering defendants for leave to serve an amended answer setting up the recovery of such judgment was properly denied, and that such denial would be affirmed on appeal.

APPEAL by the defendants, Abijah Weston and another, from an order of the Supreme Court, made at the Cattaraugus Special Term and entered in the office of the clerk of the county of Cattaraugus

on the 15th day of March, 1894, denying the defendants' motion for leave to serve a supplemental answer.

*J. H. Waring,* for the appellants.

*George Clinton,* for the respondent.

DWIGHT, P. J.:

The action was to charge the appellants, Abijah and Orrin Weston, and the defendant William W. Weston, as the makers of a promissory note, and several other defendants as its indorsers. The complaint alleged a co-partnership between the three Westons and that the note was made by them in their firm name of Weston Bros. The appellants, Abijah and Orrin Weston, were the only defendants who appeared in the action. They answered denying the existence of the co-partnership at the time of the execution of the note, and alleging its fraudulent execution and delivery by the defendant William W. Weston in the late firm name, and that the plaintiff took it with full knowledge of the facts so alleged.

The indorsers being in default and their liability being several from that of the makers, the plaintiff was entitled to judgment against the former and a severance of the action to proceed against the defendants answering. (Code Civ. Proc. § 456.) In entering such judgment the attorney for the plaintiff, by inadvertence or mistake, included the defendant William W. Weston among the defendants against whom judgment was entered on the 20th day of December, 1893. He learned of his mistake on the fifteenth day of February following, and thereupon applied to the court at Special Term to vacate the judgment against the defendant William W. Weston, which was done.

The proposed supplemental answer simply sets up the recovery of the judgment against the defendant William W. The motion for leave to serve it was denied at Special Term on the ground, among others, that the judgment so entered was absolutely void and, therefore, of no effect upon the rights of the defendants answering, and that the proposed supplementary answer was inconsistent with the original answer. We are not quite prepared to say that either of these grounds was tenable. It is at least a disputed question on the authorities whether the judgment entered against

one of the alleged joint debtors was absolutely void. (*Orleans Co. Nat. Bank* v. *Spencer*, 19 Hun, 569, and the cases cited.) Nor can we say that the two answers are altogether inconsistent with each other. The original answer denies the allegations of the complaint upon which the existence of a joint liability of the defendants is sought to be established. The proposed supplemental answer would set up new facts which would avoid the joint liability if it ever existed.

But we think the motion was properly denied because the inclusion of the defendant William Weston in the entry of the judgment was merely inadvertent, and the judgment against him was vacated as soon as the mistake was discovered and before any prejudice to the other defendants, the appellants here, could have resulted therefrom. Moreover, the papers opposing the motion show that after the entry of the judgment against William, the defendants answering moved for and obtained an order changing the place of trial of the action, for the convenience of witnesses whose testimony would bear only on the issues joined by the original answer, and would be entirely immaterial to the defense proposed by the supplemental answer.

The defense so proposed is entirely without merit, and the discretion of the court was well exercised at Special Term.

The order appealed from must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.