CHIPPEWA CREDIT CORPORATION, Respondent, *v.* JOHN STROZEWSKI and Others, Defendants, Impleaded with VICTORIA STROZEWSKI, Also Known as WIKTORYA STROZEWSKI, Appellant.

Fourth Department, March 20, 1940.

*Edmund P. Radwan,* for the appellant.

*James E. Owens,* for the respondent.

Dowling, J.   In October, 1932, the plaintiff brought action in the City Court of Buffalo against John and Victoria Strozewski, as makers, and John S. and Leonarda Szymkowski as indorsers and guarantors of a certain promissory note dated August 12, 1930, in the amount of $276.90, of which note the plaintiff became a holder in due course.   The summons and complaint were served on the defendants John Strozewski and John S. Szymkowski only. On the return day of the summons, November 2, 1932, the defendants so served failed to appear or answer and judgment was taken against them by default for $288.25 as damages and $12.80 as costs.   The plaintiff made no motion to sever or to continue the action against either Victoria Strozewski or Leonarda Szymkowski. The judgment debtors paid thirty-two dollars on the judgment. So far as the record discloses the plaintiff made no effort to make service on Victoria Strozewski and Leonarda Szymkowski until May, 1938, when copies of the summons and complaint were served on them, which summons was returnable on May 10, 1938.   On the return day both of these defendants failed to appear or answer, and judgment by default was entered against them for $395.47. On November 29, 1938, Victoria Strozewski procured an order of the City Court opening her default and permitting her to serve an answer.   She served an answer containing a general denial and a plea of the six-year Statute of Limitations.   The plaintiff moved in the City Court to strike out the defense of the Statute of Limitations and Victoria Strozewski moved to dismiss the complaint for failure to state a cause of action and for summary judgment in her favor.   The court denied the plaintiff's motion and granted the defendant's motion.   From the order and judgment entered in the City Court the plaintiff appealed to the Supreme Court, Erie county.   The Supreme Court made an order reversing the order and judgment of the City Court and striking out of Victoria's answer the defense of the Statute of Limitations and ordering the case returned to the City Court " for disposition of any other issues raised by defendant Victoria Strozewski's answer."   From the order so entered Victoria has appealed to this court.

The record before us does not contain the papers which were before the City Court or the Supreme Court.   Instead the parties have submitted an agreed statement of facts and have asked us to answer the following question: " Was the plaintiff required to sue the answering defendant in a separate action on the theory that sections 1185 and 1186 of the Civil Practice Act apply?"   This

question was inspired by the fact, according to the stipulation, that the City Court's decision was predicated upon " the theory that sections 1185 and 1186 of the Civil Practice Act were controlling." The parties have further stipulated that " If the answer to the question is in the negative, then the order of Hon. Parton Swift dated April 17, 1939, should be affirmed." From this stipulation we infer that if the question is answered in the affirmative we are required to dispose of the appeal on the merits. If these sections were applicable, and they are not, the plaintiff would be required to institute a new action against the appellant. (*Hofferberth* v. *Nash*, 191 N. Y. 446, 451.)

There is no provision in the City Court Act (Laws of 1909, chap. 570) governing severance and continuance of actions in a case where all the parties defendant fail to answer and default. Section 56 of the City Court Act makes applicable the " provisions of the Civil Practice Act and rules and regulations of the Supreme Court as they may be from time to time."

The appellant is jointly liable with her comaker on the note in question. (Neg. Inst. Law, § 110; *Owens* v. *Blackburn*, 161 App. Div. 827.) The defendants who indorsed the note in suit were jointly and severally liable thereon. (Neg. Inst. Law, § 118.) A promissory note is regarded as a joint obligation. (*Lasky* v. *Lissik*, 140 Misc. 826, and cases cited.)

" The general rule is well settled that a judgment against one of several joint debtors, in an action against him alone, is a bar to an action against his cojoint debtors. (*Candee* v. *Smith*, 93 N. Y. 351; *Heckemann* v. *Young*, 134 id. 173; *Weston* v. *Citizens' Nat. Bank*, 88 App. Div. 335.) " ( *Utica City Nat. Bank* v. *Penwarden*, 180 id. 448, 449.) " The doctrine is well settled that where joint contractors are sued, a recovery against one discharged the liability of the others, * * *." (*Rider Life Raft Co.* v. *Roach*, 97 N. Y. 378, 382.) " This rule of merger of joint obligations is a technical one inherited from the common law, which often has been productive of injustice and which is enforced by courts with more or less restlessness and repugnance. Whatever the origin of the rule, it is qualified today by the principle of election, it being held that where a creditor holding the joint obligation of several parties proceeds to recover judgment against part of them it is evidence of a choice to thus hold part and let the others go." (*Crehan* v. *Megargel*, 234 N. Y. 67, 84.) " In the absence of statute providing otherwise, and there is no such statute applicable to this case, it is the rule that a plaintiff who enters judgment against one of several joint obligors causes a merger of his entire claim against all of the obligors in the judgment which he has thus entered and

thenceforth cannot prosecute those who have been omitted from the judgment, and they would not be liable for contribution." (Citing *Rider* and *Candee* cases, *supra*.) ( *U. S. Printing & Lithograph Co.* v. *Powers,* 233 N. Y. 143, 157.) There is no provision in the Civil Practice Act for taking judgment by default against some defendants and for severing and continuing the action against other defendants in an action predicated upon a joint liability. ( *U.S. Printing & Lithograph Co.* v. *Powers, supra,* p. 157; 3 Carmody's N. Y. Practice, § 864.) In such case the only recourse, if any, is an independent action under sections 1185 and 1186 of the Civil Practice Act. Severance and continuance may be had in actions where the defendants are severally liable. (Civ. Prac. Act, § 475.) The instant action cannot be tortured into one under sections 1185 and 1186 of the Civil Practice Act. If the action be construed as one against the defendants as severally liable, the plaintiff failed to move for severance and continuance of the action against the appellant. In either event plaintiff cannot maintain the action. Moreover, there can be but one final judgment in an action at law and the plaintiff already has a final judgment in this action. ( *Kriser* v. *Rodgers,* 195 App. Div. 394.)

The plaintiff relies on section 16 of the Civil Practice Act to keep its action on foot. That section provides: " An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him." Certainly the appellant was united in interest with the defendants against whom the plaintiff recovered judgment in this action. Section 16, however, has no application to the facts before us since the appellant was released from liability upon the entry of judgment against her codefendants. Moreover, the unexplained delay of nearly five and one-half years in making service of the summons on the appellant indicates quite clearly that the plaintiff had abandoned the action so far as the appellant was concerned. (See *Myrick* v. *Selden,* 36 Barb. 15, 22.) The motive of the plaintiff in attempting to revive this abandoned litigation finds no explanation in the record.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the order and judgment of the City Court should be affirmed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order of the Special Term reversed on the law, with ten dollars costs and disbursements, and judgment and order of the City Court of Buffalo affirmed.