Maurice Wahl, J.
This is a motion by the plaintiff for an order pursuant to CPLR 3212 directing that the answer of the defendant William Cervera be stricken and that summary judgment be granted to the plaintiff for $930.19 together with interest.
An action was instituted to recover the balance due on a promissory note dated December 4, 1953, and executed jointly and severally by William Cervera and John Pedretti individually and as copartners doing business as United Lamp and Novelties 'Co. The note evidenced a loan of $1,050 granted to the aforementioned partners. By the terms of the note the defendants Cervera and Pedretti jointly and severally promised to pay the ■principal amount thereof in 15 monthly installments of $70 each beginning January 4,1954; it was further agreed that in event of default in paying any installment the entire balance of the said note would become due and payable immediately without demand or notice.
*844 No payment was ever made and default occurred initially; and in accordance with the terms of the note a written demand was made upon the defendants for payment of the matured balance of $1,022.59. No response was ever made to that demand.
On May 24,1954, a copy of a summons and verified complaint for the amount of $1,022.59 was served upon the defendant John Pedretti, individually and as a copartner doing business as United Lamp and Novelties Co. The defendant Pedretti did not appear and judgment was entered against him on July 13, 1954 for $1,076.13. After entry of said judgment, the plaintiff repossessed a car which it sold and the net proceeds of the sale, amounting to $92.40, was credited to the account, reducing the balance owing to $930.19.
However, prior to the entry of the said judgment against John Pedretti, plaintiff, on June 14,1954, obtained an order severing the action against the remaining defendant, William Cervera, permitting the entry of judgment against the defendant John Pedretti, individually and as copartner doing business as United Lamp and Novelties Co., and granting leave to plaintiff to continue with its action against the defendant William Cervera, both individually and as a copartner. *!
On July 22, 1963, about nine years since the cause pf action arose and the order of severance was obtained, the defendant William Cervera was served with a copy of the original summons and verified complaint. This defendant appeared by his attorney and interposed an answer generally denying all the material allegations contained in the complaint. Furthermore, by way of complete and separate defenses, he alleges (1) that the action alleged in the complaint did not accrue within six years before the commencement of this action, thus being barred by the Statute of Limitations, and that the money became due more than nine years prior to the service of the summons and alleged complaint; and (2) that the verified complaint served is faulty and without force and effect.
The plaintiff, in its reply affidavit, states that its investigations in 1954 and 1955 failed to reveal the whereabouts of the defendant Cervera and it was not until February, 1963, when this defendant sought a further extension of credit, that it did ascertain this defendant’s address and proceeded accordingly and that at no time did it abandon its claim. However, it does not state what efforts were made by it during the intervening eight years to ascertain the whereabouts of the defendant Cervera. but remains silent for this intervening period of time.
*845 Albeit CPLE (3212, subd. [b]) requires an affidavit of either a party or person having knowledge of the facts, in this matter only the law has been considered. That is to say, assuming all the facts on the plaintiff’s part to be admitted, nonetheless the defense of the Statute of Limitations is a complete bar to the action. The opposing defendant has pleaded such statute as a bar.
The note is dated December 4, 1953, and plaintiff admits it matured same, because of default, on February 24, 1.954. The instant action as against Cervera was not commenced until service of process upon him on July 22,1963, more than six years after accrual of the cause. CPLE 213 bars the action. It is a defense of confession and avoidance. Severance of the original cause is of no aid to plaintiff because such merely splits the cause and terminates in separate judgments (Steinbugler v. Atwater & Co., 16 N. Y. S. 2d 851).
Examination of the note, Exhibit A, reveals that defendant Cervera is the prime borrower and that the partnership of which he was a member was the comaker. Thus his comaker status added nothing since he was primarily liable. Apparently there is no partnership asset available to satisfy the obligation. Section 26 of the Partnership Law makes each partner jointly and severally liable, and the note in question does the same.
While section 232 of the Debtor and Creditor Law proscribes the discharge of an obligation, joint and several, when the co-obligor was not a party to the proceeding wherein the judgment was rendered, it does not, however, affect Cervera’s subsequent position (CPLE 1502). Under the latter rule, not only may he raise every defense that could have been originally asserted, but also such as may have arisen since the original judgment was entered. He has raised the defense of the Statute of Limitations.
The courts have held in the Matter of Finkelstein (17 A D 2d 137, 138-139) that “It is clear that an action or proceeding, including an arbitration proceeding, may be abandoned with the same effect as if it had been formally discontinued. An abandonment thereof with such effect may result from a lapse of time without any activity therein by the parties or may occur by reason of actions and conduct or omission clearly indicating the intention of the parties to forego prosecution of the same. (See Ace Mail Adv. v. Newgold, 265 N. Y. 298, 301; Chippewa Credit Corp. v. Strozewski, 259 App. Div. 187, 190; Musco v. Lupi, 6 Misc 2d 930, 932.) The failure of the parties here for six years to *846 proceed in any manner with arbitration as directed by the 1955 order and the conduct of the appellants demonstrate, without doubt, the intention to abandon the arbitration. Instead of proceeding as directed, the appellants were relying upon a mechanic’s lien which they had filed, and they renewed it from year to year. (Cf. Matter of Young v. Crescent Development Co., 240 N. Y. 244.) ” The plaintiff here relied solely upon the order of severance and bided its time. It did nothing for at least eight years and only by chance did it learn of the whereabouts of Cervera when he applied for a further extension of credit.
Pertinently, the court in the Finkelstein case states further (pp. 139-140): “ To hold that the Statute of Limitations should be tolled by the mere institution of an action or proceeding which the creditor later abandons would have the effect of writing into the statute an exception not to be found therein. Moreover, it would permit a party to take advantage of his own neglect, intentional or inexcusable, and give him a privilege which the statute certainly does not contemplate, namely, the privilege to hold his debtor accountable by suit beyond the limit of time fixed by law. Such a result would tend to undermine the statute and should not be tolerated. (See 54 C. J. S., Limitations of Actions, § 290; Richards v. Maryland Ins. Co., 8 Cranch [12 U. S.] 84, 92; Allen v. Burdett, 89 W. Va., 615, 622; Lawrence v. Winifrede Coal Co., 48 W. Va. 139, 142; Pennsylvania Co. v. Good, 56 Ind. App. 562, 567-568.) ”
The plaintiff’s motion for summary judgment is denied and under CPLR 3212 (.suibd. [b]) summary judgment is awarded defendant William Cervera dismissing the complaint herein.