Grand Isle,
January,
1827.

## ALPHEUS HALL, vs. BENJAMIN ADAMS.

### (*Ante* Vol. 1, page 166.)

The penalties given by the *third* and *fourth* sections of the "act to promote the breed of sheep, and preserve the different breeds distinct," are separate and independent of each other ; *and both may be recovered by the same person*; the one, by reason of his having taken up and secured a ram, found going at large, &c. and the other, by reason of his being the owner or keeper of sheep with which such ram may have been found.

In case of distinct and several owners of sheep, running in the same flock where a ram is found, either owner may sue for the penalty, and the different owners need not join in the action.

*Dictum.*—It is a general rule, that in actions upon *contract*, if a joint owner, &c. who ought to have been joined as plaintiff, is omitted, it may be taken advantage of on trial, in arrest of judgment, &c. But where the action is for a *tort*, the omission must be pleaded in abatement.

The act restricting costs, &c. (*Stat.* 144, *Ch.* 12, No. 1.) not applicable to actions of *debt* on a penal statute.

THIS was a motion for a new trial, by the defendant, founded on exceptions taken at the trial below, and certified to this court as follows :

Action of debt to recover the penalty of *five dollars*, given by the fourth section of the statute, entitled "an act to promote the breed of sheep, and preserve the different breeds distinct.([d]) Plea, *nil debet*, and issue joined thereon.

(*d*) Stat. 506, Ch. 73, No. 3.

On the trial of the said issue, the plaintiff proved, that on the twentieth day of November, 1821, the defendant was the owner and keeper of a certain ram, and that the plaintiff was the owner and keeper of a number of sheep, and that the ram owned and kept by the defendant, on the same day aforesaid, was found with the sheep of the plaintiff, off of the enclosure of the defendant, and in the enclosure of the plaintiff, and was taken up and secured by the plaintiff.

The defendant offered testimony to prove, that one *Alpheus Hall, Jun'r*, owned and occupied the enclosure, when the ram was found, *jointly with the plaintiff*; that the plaintiff owned a number of sheep, and the said *Alpheus Hall, Jun'r*, a number of sheep, and that the sheep of both were together in the enclosure at the time the ram was found there ; but the sheep were owned separately, and there was no joint interest whatever in them ; and that generally, the plaintiff took care of his sheep, and the said *Alpheus Hall, Jun'r*, of his ; but in the absence of either, the other took what care was necessary, of the whole : which testimony was objected to by the counsel for the plaintiff, and rejected by the court.

*Grand Isle,*
January,
1827.

Hall
*vs.*
Adams.

The defendant also offered testimony to prove, that the ram was marked with the *initials* of the defendant's name, and that the plaintiff, after finding the ram with his sheep, and taking him up as aforesaid, proceeded under the *third* section of the statute aforesaid, in such a manner, that the ram became forfeited to him; which testimony was objected to by the counsel for the plaintiff, and rejected by the court.

And thereupon, the jury, under the direction of the court, returned a verdict for the plaintiff to recover five dollars debt and his costs.

To which opinions of the court, so given as aforesaid, the counsel for the defendant excepts, and prays that his exceptions here drawn up may be allowed and signed.

Allowed and signed in court, and ordered that execution be stayed, &c.

After argument, the opinion of the court was pronounced by

Skinner, Ch J.   On the trial of the cause, the defendant offered evidence tending to show, that the plaintiff had taken the forfeiture under the third section of the statute, which was rejected by the court.   Admitting that the defendant could not, under the plea of *nil debet*, give this matter in evidence, yet, if it would have availed him on a special plea in bar, the court would not sustain the verdict, in as much as no objection was urged by the plaintiff, nor was the decision made on that ground.   If this objection had been made at the trial, and it had been necessary to change the plea, to enable the defendant to avail himself of this in his defence, the court would undoubtedly have permitted the amendment.

By the third section of the statute, *any person* is authorised to take up and secure any ram found *going at large*, between the first days of September and December, (being marked, &c.) and on giving notice as directed in the statute, if the owner shall not, within six days thereafter, pay to the person taking up and securing the ram, the sum of three dollars, the same shall be forfeited, &c.   The fourth section declares, that if any ram shall be found with the sheep of any other person except the owner or keeper, and off of the enclosures of the said owner or keeper, the owner or keeper of such sheep shall recover of the owner or keeper of such ram, five dollars, as a penalty for not restraining such ram as aforesaid.   By this section of the statute, the penalty of five dollars is given exclusively to the *owner* or *keeper* of the sheep with which the ram is found, and this without taking up or securing the ram.   By the third section, the penalty is given to *any* person who shall take up and secure the ram *found going at large*, and this without reference to his being found with *other sheep*.   If then, A, finding the ram of B. going at large on the common, or elsewhere, off of the enclosure of B. and with the sheep of C., A., by taking up, &c. is entitled to the penalty under the third section of the statute.   Of this there can be no doubt; and there is as little doubt, that by the fourth section, in such case, C. the owner of the

*Grand Isle,*
January,
1827.

Hall
*vs.*
Adams.

sheep, is entitled to the penalty of five dollars.    These penalties, therefore, are distinct and independent, when claimed by different persons, and if so, the defendant is not prejudiced by being subjected to pay both penalties to the same person.    The character the plaintiff assumes in the two cases is distinct, and the penalties imposed upon different principles.    He is entitled to the one by reason of having *taken up and secured* the ram, and to the other by reason of being the *owner* or *keeper* of the sheep.

The defendant further offered to show in evidence, that *A. Hall, Jun'r* was the owner of a number of sheep, constituting a part of the flock with which the ram was found, and that his sheep and those of the plaintiff were kept together in an enclosure owned by them jointly, which was also rejected by the court.

The statute gives the penalty to the owner *or* keeper of the sheep; either may therefore prosecute, and in this case the plaintiff prosecutes as *owner*, and not as keeper.    The embarrassment that must frequently attend a prosecution in the joint name of all who may own any of the sheep constituting a flock, would be such as in many cases to render the attempt abòrtive; some may be unknown to the principal owner, who wishes to prosecute, and some may refuse to lend their names. The proprietor of the ram may himself have sheep in the flock, and of course must join in a suit against himself.    The construction contended for by the defendant's counsel would, in most cases, render the statute useless, and, as we believe, frustrate the manifest intent of the legislature.

It is unnecessary to decide whether two or more joint *keepers*, as such, must not join.    But where the plaintiff sues as *owner*, it is immaterial by whom the sheep are kept, or whether kept by any one, or going at large.

It is argued, that although the common law remedy remains, yet this statute is remedial, and that a recovery in this case is no bar to a' recovery by *Alpheus Hall, Jun'r.*    The language of the statute is, *may recover*, &c. "five dollars as a penalty for not *restraining* such ram as aforesaid."    From this it appears, that punishment of the defendant is rather for his negligence than for the injury to the plaintiff, and the right given to the keeper to sue, who, as such, can sustain no injury, and a prosecution by whom would unquestionably supercede any further prosecution by the owner, affords strong ground for saying this prosecution would bar any other; but whether it would or not, is unnecessary now to decide.

Under the statute against fraudulent conveyances, &c. there never has been a doubt that a single creditor might sue, (and it appears to me the cases are analagous,) and in that case, the common law remedy of the creditor upon the contract remains.    Such action would bar a prosecution by any other creditor for the penalty.

From this view of the case, the court have not thought it necessary particularly to examine the question as to the right

of the defendant to give this matter in evidence under the issue of *nil debet.* Admitting it would have availed him in abatement, no authority is shown that will warrant such proceeding, nor have I been able to find a case in which the defendant has been permitted to avail himself of this matter under the general issue. The general rule is, that in actions upon *contract*, if a joint owner, &c. who ought to have been joined as plaintiff, is omitted, it may be taken advantage of on trial, in arrest of judgment, &c. But where the action is for a *tort*, the omission must be pleaded in abatement.----*Laglise* vs. *Champanty*, Str. 820.----*Childs et al.* vs. *Sands*, 1 *Sal.* 32.----*Addison* vs. *Overend*, 6 *Term R.* 766.----1 *Saund.* 291, *f. g. note.*----*Hammond on parties*, 346.---*Scott* vs. *Goodwin*, 1 *B. & P.* 73, &c.

Judgment of the county court affirmed.

*J. C. Thompson* and *S. S. Brown*, for the plaintiff.

*A. G. Whittemore* and *C. P. Van Ness*, for the defendant.

Note.—The same judgment was directed to be entered in another action between the same parties pending in this court for a similar penalty, the causes of both of which actions accrued previous to the commencing of either. Whereupon, *Van Ness*, for the defendant, moved the court, that the cases be consolidated, and that the plaintiff recover but one bill of costs. The statute, he said, applies *in verbis*, only to actions on contract; but in spirit, it applies to this case, where the action is *in form*, on contract, (being debt,) although in essence, it is a *tort*. And he cited 1 *Chitty's Pl.* 156. *Sed per Curiam.* There is no case, it is believed, in which the court have gone beyond the letter of the statute. And the motion was denied.