DANIEL TOWN v. JONAS G. LAMPHERE.

*Recovery of Penalty under Statute relative to restraint of Rams. Construction. Former Adjudication.*

The forfeitures provided for in sections four and six of chapter ninety-six of the Compiled Statutes, and in the act of 1856 in amendment thereof, are distinct and independent forfeitures, and both may be enforced by the same party.

The decision in the case of *Hall* v. *Adams,* 2 Aik. 130, considered and approved.

A verdict and judgment is conclusive evidence, between the same parties in a subsequent suit, of whatever it was necessary for the jury to have found in order to warrant [the verdict in the former action, and no further.

This was an action founded upon the act of the legislature, entitled " an act in alteration of chapter ninety-six of the Compiled Statutes, relating to the preservation of sheep," approved November 12, 1856, and was brought to recover the penalty therein provided for suffering rams to be at large off the enclosure of the owner, and came into the county court by appeal from the judgment of a justice. Plea, the general issue, and notice of special matter.

Trial by the court, at the May term, A. D. 1861, REDFIELD, Ch. J., presiding.

From the statement of facts agreed upon by the parties, it appeared that the plaintiff, on the 21st day of September, 1857, commenced this action against the defendant before a justice of the peace, counting on the first section of " an act in alteration of chapter ninety-six of the Compiled Statutes," approved November 12, 1856, in which action the plaintiff recovered judgment for the penalty provided in said section, and for his costs, from which judgment the defendant took an appeal to this court at the December term, 1857 ; that previous to the commencement thereof, the defendant therein had taken away from the possession of the plaintiff the ram, which, it is alleged in this action " was found with the sheep of the plaintiff and off the enclosure of the defendant," and for which alleged finding of the ram this action was brought ; that the ram, at the time it was so found was marked with the defendant's initials, and was at the time of going astray in the keeping of Paschal P. Shattuck ; that on the first day

of September, 1859, the plaintiff commenced an action of trover before a justice of the peace, against the defendant for taking the ram as aforesaid, claiming that the ram became his property by forfeiture under the provisions of the statute, and that on the 24th day of September, 1859, he recovered judgment therein for the value of the ram, and for his costs, which the defendant paid and satisfied, the action not being appealable ; that that action and this were predicated upon one and the same transaction. It further appeared, that the ram in question, was kept with two other rams belonging to Thomas W. Pitkin, in the pasture of said Paschal P. Shattuck ; that the three rams escaped from the pasture together, and were found and taken up together, by the plaintiff ; that afterwards, and before the commencement of this action, to wit : on the 5th day of September, 1857, Pitkin settled with the plaintiff for and on account of the three rams being found at large, and paid him five dollars and fifty cents in full satisfaction of all claims for so finding and taking them up. But it also appeared that the above accord and satisfaction were given in evidence by the defendant on the trial of the action of trover, in defence of the same. Upon these facts the county court rendered judgment *pro forma* for the defendant. Exceptions by the plaintiff.

*Rodney Lund*, for the plaintiff.

*Andrew Tracy*, for the defendant.

PECK, J. The questions in this case arise under the provisions of chapter ninety-six, Comp. Stat., and the amendments thereto.

Sec. 1 requires that all rams shall be restrained from going at large from August 1st to December 1st.

Sec. 2 makes it the duty of the owner or keeper of a ram, before the first day of August, to put upon it the initials of the name of the owner or keeper.

Sec 3 provides that if any ram is found going at large off the possession or enclosure of its owner or keeper, without such mark, within the aforesaid period, it shall be forfeited and become

Town v. Lamphere.

the property of any one who shall take up and secure the same. The act of 1855, however, repeals this section and substitutes a penalty of five dollars.

Sec. 4 provides that if any person takes up any ram so found at large, having such mark, he shall give notice thereof to the owner, and if the owner appears in six days and pays to such person three dollars, the ram shall be restored, otherwise it shall become the property of such person.

Sec. 6 provides that if any ram shall be found with the sheep of any person other than the owner or keeper of such ram, and not in the enclosure of such owner or keeper, between the times above mentioned, the owner or keeper of such sheep may recover of the owner or keeper of such ram, the sum of five dollars, as a penalty for not restraining such ram as aforesaid. This section by the act of 1856 is repealed and re-enacted with the addition of the words " or rams," after the word " ram " wherever it occurs in the 6th section.

This action is for the penalty prescribed by sec. 6, or rather by the act of 1856. It appears that the defendant's ram was marked according to the requirements of the statute, but the plaintiff claims to recover the penalty on the ground that the ram was found with his sheep off the defendant's enclosure within the prohibited period. The defendant relies in defence on a former recovery by the plaintiff against him in an action of trover for the ram, based on an alleged forfeiture of the ram for the same act or neglect for which this action is brought. It appears that after the plaintiff found the ram with his sheep on the occasion in question, the defendant took it from the plaintiff's possession, for which the plaintiff brought his action of trover, and recovered on the ground that the ram was forfeited by being so found at large. It appears that that action was commenced before a justice of the peace, a judgment was recovered by the plaintiff for the value of the ram, and the judgment paid, pending this suit, the action not being appealable. The taking by the defendant, however, for which that action was brought, was before this suit was instituted.

The defendant's counsel insists that that judgment and payment is a bar to this action, claiming that the plaintiff is not

entitled to the forfeiture of the penalty of five dollars under section 6, or the act of 1856, after having availed himself of the forfeiture of the ram under sec. 4. It is not denied that the case comes clearly within sec. 6, and the act of 1856 providing for the forfeiture of five dollars, but it is claimed that both forfeitures cannot be incurred, and that they cannot at least both be enforced by the same party. But we think by the statute they are independent forfeitures, and that both may be enforced by the same party. The forfeitures are different. One is a forfeiture of the property itself, the other is a forfeiture of a pecuniary penalty. The one is given to any one who shall take up and secure the ram, the other is given only to the owner or keeper of the sheep among which he is found. It is true the neglect or omission of the owner of the ram to restrain him is an element in both forfeitures, but the cause of forfeiture and the act which constitutes it, are not identical in the two cases. In the one case the forfeiture is not complete till the ram is taken up and secured, and notice given to the owner by the person claiming the forfeiture, while in the other case, the ram being found off the owner's inclosure among another's sheep, constitutes the forfeiture without any act to be done on the part of the owner of the sheep, except perhaps to indicate his intention to treat it as forfeited. Where some third person takes up, and enforces the forfeiture of, the ram, it is evident, we think, it was not the intention of the statute that the owner of the sheep among which the ram was found should thereby be deprived of the penalty expressly given to him by the statute ; and it is no more burdensome to the defendant to have both forfeitures enforced by the same person than by different persons. The act of 1817 was in substance like the present statutes, and in *Hall* v. *Adams*, 2 Aik. 130, it was decided that the forfeitures were distinct and independent, and that both might be enforced by the same person. This decision was made in 1827, and when the statutes were revised in 1839 the same provisions were retained, and in 1856 the 6th section was repealed and re-enacted substantially with the slight alteration already stated, but without any amendment affecting this question. After an acquiesence in that construction for so long a period, and under such circumstances,

we should not incline to depart from that construction unless we felt very clear that it was erroneous. We think it would be doing violence to the language of the statute to hold that the intent of the statute is that the party claiming the forfeiture can take only one of the forfeitures, the forfeiture of the ram, or the penalty, at his election. Had that been the intent it would have been so expressed. The most plausible construction contended for by the defendant's counsel is, that the third and fourth sections apply only to cases where a ram is found at large, but not with another's sheep, and the 6th section and act of 1856 to cases where it is found with another's sheep. But it is difficult to see how this construction helps the defendant in this action. It only shows that the judgment of the justice declaring the ram forfeited was wrong. But showing that that judgment was erroneous is no defence to this action. This construction of the statute would have defeated the other action, but cannot affect this. But we are disposed to adhere to the construction in *Hall v. Adams,* and to hold that the plaintiff may enforce both forfeitures.

It is claimed that as the present statute (sec. 5,) provides that the owner or keeper of a ram shall be liable for all damages sustained by any person in consequence of such going at large, there is not the same reason for holding that the owner of the sheep may enforce both forfeitures, that there was under the act of 1817 which contained no such provision. But it is by no means clear that this provision is necessary in order to give the party injured an action for damages. One who sustains damage by the omission by another of a duty required by statute, can generally maintain an action for such injury, if he is of the class of persons the statute was designed to protect, and the injury is of a character the statute was intended to prevent. But whether this be so or not, this provision does not change the construction in the particular in question.

The only remaining question made by counsel, is, whether the judgment in the action of trover is conclusive in favor of the plaintiff in this suit. A verdict and judgment is conclusive evidence between the same parties in a subsequent suit, of whatever it was necessary for the jury to find in order to warrant

Town *v.* Lamphere.

the verdict in the former action, and no further. The question in the former suit was, whether the defendant's ram was forfeited to the plaintiff. The question in this case is, whether the defendant has incurred the penalty of five dollars. We have already seen that the forfeitures are distinct and independent, depending on different proof. To prove the forfeiture in this case the plaintiff must show that the ram was found *with his sheep*, which was not necessary to be shown in the other suit. It is clear, therefore, that the former judgment is not conclusive in favor of the plaintiff, of facts necessary for him to prove to entitle him to recover in this action. But the defendant in his notice in this case sets up in defence an accord and satisfaction, and the case shows that the same was given in evidence in defence of the action of trover. The plaintiff claims that the former judgment is conclusive against the defendant on this point. The court or jury must have found in the action of trover that there had been no accord and satisfaction of the forfeiture of the ram; but as the forfeiture claimed in this case is a distinct and independent forfeiture, there may have been an accord and satisfaction of this forfeiture, and not of that in question in that suit. It is obvious therefore, that the former judgment is not conclusive against the accord and satisfaction set forth in the defendants notice in this case.

Judgment of the county court reversed and new trial granted.