PAULINE HECKEMANN, Appellant, *v.* DAVID B. YOUNG, Impleaded, etc., Respondent.

In an action against the members of a firm to recover a firm debt, a joint judgment was entered by default against all the defendants; this was subsequently, on motion on behalf of one of the defendants, vacated as to him and he let in to answer. This motion was granted against plaintiff's objection. Said defendant set up the judgment against his copartner as a defense and the complaint was dismissed on the ground that the debt had been merged in that judgment. *Held*, error.

The common-law rule that a judgment against one of several joint debtors is a bar to an action against the others, is based upon the idea of an election by the creditor to take such a judgment, in which case the extinguishment of his cause of action by the recovery is presumed to have been intended; it has no application when, without the consent and in spite of the opposition of the creditor, a judgment against all the joint debtors is vacated by the court as to one of them and he let in to contest his liability.

(Argued May 31, 1892; decided June 14, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 7, 1890, which overruled plaintiff's exceptions and ordered judgment in favor of defendants upon decision of the court on trial at Circuit.

This was an action to recover from the defendants George W. Adams and David B. Young, formerly composing the firm of Adams & Young, the sum of $5,892.28, with interest from May 1, 1886, due and owing for moneys previously advanced for freights on goods sold and delivered by plaintiff while residing in Germany.

The summons and complaint were personally served in June, 1886, on each of the defendants, who thereupon appeared generally in the action by separate attorneys.   On the 11th day of August, 1886, an amended complaint herein was duly served on each of said attorneys.   Adams served an answer to the amended complaint, but it was subsequently withdrawn.   The defendant Young neglected to serve any answer to the amended complaint.   Accordingly, on the 20th day of January, 1887, both defendants being in default, judgment was entered by default in favor of plaintiff and against both defendants for the sum of $6,165.25.   On the second day of May following, and between three and four months after the entry of judgment, the defendant Young moved to vacate it as to himself. The motion was granted against the plaintiff's objection, the order providing, among other things, that Young have twenty days in which to serve an amended answer.   The answer served in pursuance thereof contained the following averment: "For further, separate and distinct defense, this defendant alleges that since the commencement of this action the plaintiff has taken and entered in the office of the clerk of this court a judgment in this action against the defendant George W. Adams.   The said judgment was regularly entered in this action against said defendant Adams, and thereby the debt for which this action is brought to recover against this defendant and the said Adams as joint debtors, became merged in the said judgment so entered as aforesaid against the defendant Adams, which said judgment this defendant alleges is a bar to any further proceedings against this defendant to recover said alleged indebtedness of said firm of Adams & Young to the plaintiff, as set out in the complaint herein."   No order was ever obtained giving the defendant leave to set up this new matter by way of supplemental answer.   Nor was any motion made by the plaintiff to strike it out. · On the trial plaintiff introduced evidence establishing the cause of action alleged in the complaint and rested.   Thereupon the complaint was dismissed on the sole ground that the debt to recover which the action was brought had become merged in the judgment then

standing against Adams, which judgment constituted a bar against any further proceedings against the defendant.

Further facts are stated in the opinion.

*Gilbert R. Hawes* for appellant.

*A. Edward Woodruff* for respondent.

PARKER, J. It is the rule of the common law recognized and enforced by the courts of this state, except as modified by section 1278 of the Code of Civil Procedure, that a judgment rendered against one of several joint debtors in an action against him alone is a bar to an action against the others. (*Candee* v. *Smith*, 93 N. Y. 349; *Suydam* v. *Barber*, 18 id. 468.)

Section 1278 of the Code of Civil Procedure provides that in case of a confession of judgment by one or more joint debtors, judgment may be entered and enforced against them, " and it is not a bar to an action against all the joint debtors upon the same demand." That section is not in terms applicable to the situation before us, but it is instructive as indicating a legislative intent to limit in some measure the common-law rule. This court had before it in *Harbeck* v. *Pupin* (123 N. Y. 115), a case which was held to be governed by that section. It was objected that the action was not within its provisions, because not brought against " all the joint debtors," but against the personal representatives of one of the joint debtors; also, that it was not " upon the same demand, but upon a demand reduced by payments made in pursuance . of a compromise with two of the joint debtors after confession of judgment." It was said that " to adopt a construction so narrow and literal as this would be to practically nullify a remedial statute intended by the legislature to abrogate a harsh and technical rule of the common law that frequently operated to defeat a just claim." Except as modified by the statutory provisions to which we have referred, the common-law rule, obtaining at the time of its enactment, continues in force. But such enactment should be regarded as a caution against

any extension of the rule beyond the lines already firmly established by authority.

In *Suydam* v. *Barber* (18 N. Y. 470), the court, in assigning a reason for the rule that a judgment against one of several joint debtors obtained in an action against him alone is a bar to an action against the others, said : "It is held to be a bar upon the ground that by the recovery of the judgment the promise or cause of action as to the party sued has been merged and extinguished in the judgment by operation of law at the instance and by the act of the creditor." Having but one debt, although two or more persons may be jointly liable for it, the creditor has but one cause of action, which he is not permitted to split up into as many different actions as there are joint debtors. Having but one cause of action, if he prosecute that to judgment against less than the whole number of joint debtors, he is deemed to have intended to waive his right to proceed against the others. The idea of election by the creditor is necessarily involved. Being presumed to know the law, the extinguishment of his cause of action by the recovery of a judgment against only a part of his joint debtors is presumed to be intended by him, because the result of his own act.

Now, this plaintiff did not elect to proceed to judgment against Adams alone. Adams & Young were parties defendant, and a joint judgment was rendered against them. And the recitals in the judgment indicate that the plaintiff was at the time of its entry entitled to judgment against both defendants. Subsequently, it is true the judgment was vacated as to the defendant Young, and he let in to answer. But this was not on plaintiff's motion. On the contrary, he opposed it. He insisted on the right to retain his judgment against both defendants, and the determination of the court to open the judgment as to one of the defendants, and let him in to contest his liability, cannot be deemed an election by the plaintiff to extinguish the cause of action which the court, by its order, said the defaulting defendant might litigate.

The record does not contain the motion papers, and we are,

therefore, in the dark as to the ground upon which the Special Term based its decision vacating the judgment as to Young, and letting him in to contest the cause of action alleged in the complaint. So far as this record discloses, he had no defense at the time when the motion was made. Certainly, the court did not intend that the order granted should create a defense where none existed, nor can such an effect be given to it.

The judgment should be reversed.

All concur.

Judgment reversed.