THE PEOPLE *ex rel.* Louis Arns, Collector,

*v.*

JOSEPH W. RICKERT.

*Filed at Mt. Vernon January 20, 1896.*

1. TAXES—*sufficiency of description of delinquent land to authorize judgment.* A description of delinquent lands as "part lots 1 and 2, section 16," etc., is insufficient to sustain a judgment against the lands for taxes, there being nothing to indicate what parts of the lots were intended.

2. SAME—*lands must be described so they can be found.* In a proceeding for judgment against lands for taxes there can be no lien and no judgment unless the lands are described so they can be located.

3. RES JUDICATA—*when decree of court is a bar to judgment for taxes.* A decree for defendant, rendered in a proceeding to foreclose the lien upon lands of a delinquent drainage assessment, under section 253 of the Revenue act, (2 Starr & Curtis, p. 2110,) which finds that the "equities are with defendant" and that complainant "is not entitled to recover the assessment claimed in the bill," is a bar to a subsequent application for judgment against such lands for the assessment in the county court.

4. SAME—*decree in chancery is a bar at law.* A final decree in chancery is available as an estoppel, whether the second action involving the same question be at law or in equity.

5. SAME—*appeal does not invalidate adjudication.* An appeal from a decree merely suspends its execution, and does not affect its validity as a former adjudication.

WRIT OF ERROR to the County Court of Monroe county; the Hon. GEORGE VERNOR, Judge, presiding.

SLATE & WILSON, for plaintiff in error.

WILLIAM WINKELMAN, (JOSEPH W. RICKERT, *pro se,*) for defendant in error.

Per CURIAM: This proceeding is an application by the collector of Monroe county, to the county court of that county, for judgment against certain lands of Joseph W. Rickert, for the unpaid taxes and special assessments due to the Moredock and Ivy Landing Drainage District No. 1, in said Monroe county. Defendant in error filed certain objections to the rendition of judgment against his lands for delinquent drainage taxes, assessments, etc., in favor of said drainage district. We will notice those which are discussed in the argument of counsel for defendant in error.

*First*—A part of the delinquent lands against which judgment is sought to be obtained are described as follows: "Part lots 1 and 2 and lot 10, section 16, township 3, south, range 11, west." The objection to judgment against this property is, that the description of the land is too imperfect and insufficient to sustain a judgment against it. We are inclined to think that the objection was properly sustained as to part of lots 1 and 2. There is nothing in the description to indicate what parts of lots 1 and 2 are intended. In a direct proceeding for judgment against lands for taxes there can be no lien, and consequently no judgment, unless the lands are described so that they can be located and found. *Sanford* v. *People,* 102 Ill. 374; *People* v. *Chicago and Alton Railroad Co.* 96 id. 369.

*Second*—The objector sets up a former decree rendered by the circuit court of Monroe county at the September term, 1890, as a bar to the application for judgment. The decree was rendered in a foreclosure proceeding begun under section 253 of the Revenue act, (2 Starr & Curtis' Stat. p. 2110,) by the People of the State of Illinois, for use of Moredock and Ivy Landing Drainage District No. 1

159—32

aforesaid, against defendant in error and others, as defendants, all of whom were served with process therein. The object of the bill in said proceeding was to recover, by foreclosure, the lien of said district for drainage taxes and assessments, etc., on the lands which are embraced in the present application for judgment. The bill alleges the same facts in regard to the organization of the district on November 20, 1882, and the ordering on July 17, 1883, by the county court, of an assessment for $41,785.69, to be paid in installments, as were alleged in the bill in *Gauen* v. *Drainage District*, 131 Ill. 446. The decree, after reciting the service of process and appearance of the parties, is as follows: "And this cause is now ready for hearing, all parties being present; thereupon the court, upon the bill, exhibits, copies of records and oral testimony, hears this cause in open court, and after hearing the same, the court being fully advised in the premises, doth find that this court has jurisdiction of the parties and the subject matter in this cause, and that the equities of this cause are with the defendants, and that complainant, for use aforesaid, is not entitled to recover the assessment claimed in the bill. It is therefore ordered, adjudged and decreed by the court, that the defendants recover their costs in their behalf expended, and that the Moredock and Ivy Landing Drainage District No. 1 pay the costs of this suit, to be taxed by the clerk of this court. Thereupon the solicitors for complainant, for use aforesaid, ask for, and the court grants, an appeal," etc.

It is insisted by plaintiff in error that the court found and decreed as it did because the lands were not shown to have been legally forfeited to the State. It is a sufficient answer to say that nothing appears in the decree, or the proceedings in the chancery suit in which it was rendered, to show that the adjudication was limited to any particular question at issue. It must therefore be presumed, in the absence of anything in the record to the contrary, that all questions at issue which were, or which

might have been, litigated in that cause between the complainant and defendant in error were adjudged in his favor. The decree was a final one, entered upon the hearing, and is conclusive until reversed or set aside. It must therefore be held to be a complete bar to this proceeding for the collection of the same tax. *Rogers* v. *Higgins*, 57 Ill. 244; *Ruegger* v. *Indianapolis and St. Louis Railroad Co.* 103 id. 449, and cases there cited; *Neff* v. *Smyth*, 111 id. 100; *Mix* v. *People*, 116 id. 265; *Graceland Cemetery Co.* v. *People*, 92 id. 619; *Hamilton* v. *Quimby*, 46 id. 90.

"A final decree in chancery is as conclusive as a judgment at law. Such decrees are available as estoppels, whether the second action involving the same question be at law or in equity." (Freeman on Judgments, 248.) A verdict and judgment of a court of record, or a decree in chancery, puts an end to all points thus decided between the parties to the suit. It is true, there could have been no foreclosure in the chancery suit unless there had been two forfeitures; but the decree is not confined to this question, and it was not the only question involved in the case upon which the decree could have been predicated.

It is also urged that that decree has been appealed from. There is no evidence of this except that the complainant prayed for and was allowed an appeal. Whether the appeal was ever perfected or not, in accordance with the terms prescribed by the order of the court, the record does not disclose. But even if it appeared that the appeal had been perfected, the decree would not thereby be vacated nor its effect as a former adjudication nullified. The appeal merely suspends the execution of the judgment or decree and leaves it in full force, as a bar to further prosecution for the same matters determined by it. *Moore* v. *Williams*, 132 Ill. 589.

Finding no error in the record the judgment of the county court is affirmed.

*Judgment affirmed.*