This is an action to cancel a tax deed upon the ground that the defendant obtained it by fraud and misrepresentations.
The evidence tended to prove that the plaintiff owned a lot of land in the city of Kinston, on which is situated a dwelling-house, in which the plaintiff has been residing for about twelve years. The value of the property is about $1,000. In January, February, March, April, and May of the year 1915 the plaintiff was sick with pneumonia and was confined to his home practically all of the months mentioned. At the regular sale by the city of Kinston of real estate for the nonpayment of taxes for the year 1914, on 4 May, 1915, the locus in quo was sold by the city tax collector, and was purchased by one J. G. Banton, to whom a certificate was issued, and then transferred to the defendant herein. The property was sold for $12.10, which was sufficient to cover the taxes due the city.
As soon as the plaintiff sufficiently regained strength from his sickness he went to the defendant to repay the taxes and redeem the certificate issued to said Banton and then held by the defendant, and paid the defendant $4 upon said taxes. This was prior to the first Monday in May, 1916. Thereafter the plaintiff was again confined to his home by reason *Page 203 
of continued illness, and on the first Monday in May, 1916, which was the first day when a tax deed was obtainable under the sale for taxes for the year 1914, the defendant obtained the tax deed mentioned. The notice served upon the plaintiff in order to obtain the tax deed was served prior to the day in April on which the plaintiff went to the defendant and paid $4 on his taxes, and the defendant then assured the plaintiff that the matter was all right and that he would see that no harm came to him by reason of the existing condition.
Thereafter the defendant obtained the deed mentioned, dated 4 May, 1916, and, as the plaintiff would continue to make payments to him upon the taxes, as shown by the plaintiff's evidence, the defendant would issue receipts for each payment, and marked thereon "Rents" in lieu of taxes, though the first receipt had been issued for taxes. For some months the plaintiff continued to make payments, which were each time received by the defendant with assurances to the plaintiff that the matter was all right for him and he need have no fears, as he would carefully protect him. When the first payment of $4 was made and a receipt for taxes issued, the plaintiff's evidence tends to show that there was an agreement then made between the plaintiff and the defendant that the plaintiff would make payments in this way and that they would be accepted in the redemption of the tax certificate, all of which was prior to the execution of the deed, and that, notwithstanding the deed was later obtained without further knowledge to the plaintiff, and he continued to make payments, as he thought, upon his taxes, he was defrauded by the defendant obtaining the tax deed in the manner mentioned, and continuing to take payments and marking his receipts in payment for rent.
The plaintiff is an ignorant negro, unable to read and write, and unused to business transactions. The defendant, also a negro, has some education. The plaintiff relied upon the defendant to protect him.
The plaintiff continued to make payments, until finally he sought assistance from his employer in an effort to ascertain how much he had paid, being himself unable to make the necessary additions. It was then learned that he had paid $26.50 upon an indebtedness which the defendant himself contended to be only $17.05. He at once discontinued payments, and the defendant instituted a summary proceeding in ejectment before a magistrate to obtain possession of the property, and based the suit upon his tax deed and the receipts issued for rent. A judgment was rendered by the magistrate in favor of the plaintiff in that action (the defendant here), and an appeal taken to the Superior Court, where the action is still pending. The plaintiff in this action then instituted this action to cancel the deed as a cloud upon his title. The defendant offered evidence contradicting the evidence of the plaintiff. The issue *Page 204 
of fraud was submitted to and answered by the jury in favor of the plaintiff.
At the conclusion of the evidence the defendant moved for judgment of nonsuit, which was denied, and the defendant excepted.
The defendant offered in evidence the proceedings before the justice of the peace in summary ejectment, to show that the plaintiff could not attack his title. This was excluded, and the defendant excepted.
There was a verdict and judgment for the plaintiff, and the defendant appealed.
It was admitted by the defendant that the tax receipt he held was for $12.10, with $1.05 costs, and that the plaintiff had paid him $26.50, for which he gave the plaintiff a receipt for $4 on taxes, and receipts for $22.50 purporting to be for rents.
The plaintiff testified that all of his payments were on the taxes and were accepted as such by the defendant; that he went to the defendant before the tax deed was executed, and when he had the right to redeem, and told him he wished to pay the taxes, but could not pay all at one time, and the defendant told him he would take it any way he could pay it; that he continued making his payments on the taxes, and that the defendant, in violation of his agreement, procured the execution of the tax deed.
It is a permissible and reasonable inference from this evidence that the defendant had conceived the plan of securing for himself for twelve or thirteen dollars the lot of the plaintiff, and that in order to carry his plan into execution and prevent a redemption until the time had passed, he told the plaintiff he would take the taxes any way he could pay them, and that to cover up his conduct and further strengthen his claim, he continued to accept payments after he received his deed, and gave the plaintiff, who could not read, fraudulent receipts, showing on their face they were for rent; and this is, in our opinion, sufficient to justify submitting the question of fraud to the jury.
The proceeding in summary ejectment before the justice was not competent as an estoppel upon the plaintiff, for which purpose it was offered, because, as stated in the answer of the defendant, it is still pending in the Superior Court on appeal, where it will be tried de novo, and none of the rights of the parties have been finally determined.
We find no error in the trial.
No error. *Page 205