WILLIAM A. BUCK *v.* GERTRUDE M. HUNTER ET AL.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Judgment—Conclusiveness—When Judgment in Former Suit on Different Cause of Action Does Not Operate as Estoppel— Judgment Conclusive between Parties Only of Facts Required to Be Found to Warrant Judgment—Conditions Necessary to Make Judgment Bar to Subsequent Action— Presumption of Facts in Support of Judgment—Effect òf Former Judgment When Subsequent Suit in Different Capacity—When Judgment Against Party Suing as Heir of One Party Is Bar to Subsequent Action as Heir of Another —Res Judicata Not Sustainable Where Plaintiff in First Suit, Although Same as in Subsequent Action, Sued in Different Capacity—Relief Grantable Under General Prayer —Amendments Necessary to Decree Improperly Refused— Essential Facts Authorizing Suit Must Appear of Record Where One Sues in Representative Capacity.*

1. When a material question or controlling fact presented is determined by a court of competent jurisdiction between the same parties, the adjudication is conclusive of the same· question or fact in a second suit by way of estoppel.

2. Where the record is such that there is or may be a material issue, question, or matter in second suit upon a different cause of action, which may not have been raised, litigated, and decided in the former action, judgment therein does not constitute an estoppel from litigating this issue, question, or matter, unless by pleading or proof party asserting estoppel establishes fact that issue in question or matter in dispute was actually and necessarily litigated and determined in former action.

3. Judgment, although between same parties, is conclusive only of such facts as must have been found to warrant the judgment.

4. To make a former judgment an absolute bar to a subsequent action, it must appear not only that the thing to be recovered,

but that the causes of action, are the same in both suits, and, while form of action may not be same, there must be, as between the two actions, identity of parties, subject-matter, and causes of action.

5. To have a judgment in a former action bar to subsequent action, it is not always esential that all the parties in both actions be the same.

6. Without any findings of fact outside the pleadings a judgment entered by a chancellor is tantamount to a finding for the successful party of all facts necessary to sustain the judgment.

7. Ordinarily a party is not bound by a former judgment when he sues or defends in one action in his individual capacity, and in other action in a representative capacity.

8. A judgment in an action concerning property against a party suing as heir of one person is not a bar to another action by the same party for the same property, but claiming in a different right, as heir of another, unless he was made a party to the first action in both capacities, or scope of the litigation was such that all his rights or interests held in any of his capacities were before the court, and necessarily involved and determined in the decision.

9. In suit by one as heir, for the benefit of himself and all other heirs, similarly situated, to recover property as a part of his mother's estate, which involved questions as to whether transfer of such property was procured by fraud and undue influence, plea of *res judicata* based on judgment in former suit where such questions were not necessarily involved, and where claim to property was not as an heir, but upon ground of purchase, *held* improperly sustained.

10. General prayer for relief is sufficient to enable court to grant such relief as is consistent with the general frame of the bills.

11. Amendments to bill in matters of substance, which were necessary to a proper decree, *held* improperly refused.

12. Where one sues in a representative capacity, all the essential facts must appear of record, so that the court may see whether one may properly represent the rights of all.

APPEAL IN-CHANCERY.   Heard on pleadings and facts found by the chancellor in vacation after the September Term, 1923, Chittenden County, *Fish,* Chancellor.   From a decree sustaining

the defendant's plea of *res judicata,* the plaintiff appealed.    The
opinion states the case.    *Reversed and remanded.*

*Max L. Powell* for the plaintiff.

*A. L. Sherman* and *Herbert A. Buck* for the defendants.

BUTLER, J.    The bill of complaint in this cause is brought
by William A. Buck, son and heir at law of Jennie M. Leavett,
formerly Jennie M. Buck late of Fairfax, deceased, for the benefit
of himself and all the heirs at law of Jennie M. Buck, alleging in
substance, among other things, that she died at Medford, Mass.,
on December 18, 1920, leaving children and grandchildren, giv-
ing their names and addresses; that previous to her death she
was possessed of two $500 and one $50 bond deposited for safe
keeping in the Burlington Savings Bank, of which it is alleged
the defendants prior to the death of Jennie M., obtained posses-
sion by means of fraud and forgery, and converted and appro-
priated them to their own use; that she owned a farm in Fair-
fax, Vermont, valued at $8,000 and that said defendants pro-
cured from said Jennie M., in her last sickness, by means of fraud
and undue influence, a deed of conveyance thereof to themselves
against the will of Jennie M.; that she was possessed of certain
livestock situate on said farm, consisting of 14 head of cattle, of
which the defendants procured a bill of sale by means of fraud
and undue influence, all of which defendants hold and now claim
to own, and so by fraud, forgery, and undue influence obtained
for themselves all of the property of the said Jennie M., without
right.

It is also alleged that the plaintiff was a favorite son of said
Jennie M., and provided the means for the purchase of the farm
and live stock with the verbal understanding with him that the
farm should eventually belong to him; and prays, among other
things, for an injunction against selling or disposing of the
same, for a receiver, for an order on defendants to transfer said
property to the plaintiff, to account and pay over to him for the
benefit of her estate just damages, and for other relief.

The defendants filed a plea of *res judicata.*    The case was
heard by the chancellor on the questions raised by the plea, and
the facts found by chancellor, and the court held that, as between
William A. Buck and the defendants, the plea should be sus-

tained, and dismissed the bill with costs. Exceptions were duly filed by plaintiff to the finding of facts, and from the decree the plaintiff appealed.

It appears from the defendants' plea and the findings of the chancellor, that said defendants, Gertrude M. Hunter and Victor T. Buck, are the same persons who were parties defendant in a suit in Franklin County court of chancery, involving the same real estate and personal property above described, in which William A. Buck was plaintiff; that before decree was entered said suit was settled by the parties, and on November 21, 1922, decree was entered by consent, dismissing the cause in pursuance of said settlement:

That the cause of action is shown by the bill of complaint which is referred to in support of the plea, an examination of which shows that while in many respects much the same language is used as in the present complaint, the plaintiff therein, in substance, claimed, although in profuse detail, that he was the owner of the property in his own right, acquired the same by purchase, and being then a minor under twenty-one years of age, the title was taken in the name of his mother, Jennie M. Buck, who afterwards married one Leavett; that she agreed to hold and manage the same for him, and as his custodian or trustee, and to transfer the title to him on request; that Jennie M., held the property in that capacity only, and had no other interest therein; that on December 20, 1920, the defendants, by fraud, forgery, and undue influence obtained possession thereof and procured from the mother a conveyance of the legal title thereto without right, and claimed ownership thereof; and praying that the court order and direct the defendants to transfer and convey the title of the property to him and pay the damages, and for other relief.

The sole question, then, is whether the plaintiff is barred by that decree from maintaining this complaint on behalf of himself and all other heirs at law similarly situated, to recover the same property for his mother's estate.

[1] That the plaintiff claims in this cause, as in the previous one, that he provided the means to purchase the property is important only on the question of fraud is apparent, for if it was not his property it would be immaterial with what money it was purchased, nor would that question affect his right as heir at law of her property. Nor was it necessary, in support of the decree in the former case, to determine whether it was procured

by the defendants of the mother by fraud or purchase. To defeat the plaintiff in the former suit, the sole question necessarily determined by the decree was that he was not the owner of the property as alleged. True, when a material question or controlling fact presented is determined by a court of competent jurisdiction between the same parties, the adjudication is conclusive of the same question or fact in a second suit by way of estoppel.

[2]   Where the record is such that there is or may be a material issue, question, or matter in the second suit upon a different cause of action, which may not have been raised, litigated, and decided in the former action, the judgment therein does not constitute an estoppel from litigating this issue, question, or matter, unless by the pleading or proof the party asserting the estoppel establishes the fact that the issue in question or matter in dispute was actually and necessarily litigated and determined in the former action. *Harrison* v. *Remington Paper Co.,* 140 Fed. 385, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954; 5 Ann. Cas. 314, 322; *Russell* v. *Place,* 94 U. S. 606-608, 24 L. ed. 214; *Nesbit* v. *Riverside Ind. Dist.,* 144 U. S. 610-619, 36 L. ed. 562, 12 Sup. Ct. 746.

[3]   A judgment even between the same parties is conclusive only of such facts as must have been found to warrant the judgment. *Church* v. *Chapin,* 35 Vt. 223, 231; *Town* v. *Lamphere,* 34 Vt. 365; *Spaulding Adm. et al.* v. *Mutual Life Ins. Co.,* 96 Vt. 67, 72, 117 Atl. 376; *Jones Adm.* v. *Williams et al.,* 94 Vt. 175, 109 Atl. 803.

[4]   And when, as here, a former judgment is relied upon as an absolute bar to a subsequent action, it must appear not only that the thing to be recovered, but the causes of action, are the same in both suits, while the form of action may not be the same, there must be, as between the two actions, identity of parties, of subject-matter, and causes of action, in order that the first suit may be a bar to the second. *Blondin* v. *Brooks et al.,* 83 Vt. 473, 76 Atl. 184, and *Cromwell* v. *County of Sac.,* 94 U. S. 351, 24 L. ed. 195.

[5]   That all the parties, however, in both actions be the same is not always essential in order to bar such action. *Goble* v. *Dillon,* 86 Ind. 327, 44 A. R. 308.

[6]   Manifestly, the cause of action in the first suit set forth in the defendants' plea does not come up to this requirement. The cause of action in the former suit was the unlawful procure-

ment and conversion of the property of the plaintiff. And, without the finding of facts outside the pleadings, the judgment is tantamount to a finding for the successful party of facts necessary to sustain it. *Fairweather* v. *Ritch*, 195 U. S. 276, 49 L. ed. 193. No facts are found other than as above stated.

[7, 8] Ordinarily a party is not bound by a former judgment when he sues or defends in the one action in his individual capacity, and the other action in a representative capacity, and a judgment in an action concerning property against a party suing as heir of one person is not a bar to another action by the same party for the same property, but claiming in a different right, as heir of another, unless he was made a party to the first action in both capacities, or the scope of the litigation was such that all his rights or interests held in any of his capacities were before the court and necessarily involved and determined in the decision. *Pollock* v. *Cox*, 108 Ga. 430, 34 S. E. 213; *Kitts* v. *Willson*, 140 Ind. 604, 39 N. E. 315; *Melton* v. *Pace*, 103 Tenn. 484, 53 S. W. 939; *Downing* v. *Diaz*, 80 Tex. 437, 16 S. W. 49; 23 Cyc. 1244.

[9, 10] In the instant case he disclaims ownership, and seeks to recover solely upon the ground that the property in question at the time of conversion did not belong to him, but to his mother, and that it is a part of her estate to be administered as such; that the special prayers in this and the former suit are substantially identical in language, and alike call for a decree of the property to the plaintiff, is not controlling. The relief sought, if plaintiff is entitled to relief, upon the grounds alleged is covered by the general prayer, which is sufficient to enable the court to grant such relief as is consistent with the general frame of the bill. *Danforth* v. *Smith*, 23 Vt. 247; *Eureka Marble Co. et al.* v. *Windsor Mfg. Co.*, 47 Vt. 430; see 21 C. J. 680.

The question whether this property was, in fact, a part of the estate of Jennie M., and whether the transfer of the property to the defendants was procured by fraud and undue influence, vital questions in the instant case, were not necessarily involved, so far as the case shows, in the former proceedings. Nor did he make any claim in the former suit by reason of heirship, but so far as appears rested his claim solely upon his title by purchase.

[11] The plaintiff asked leave to amend his bill of complaint by making a W. H. Fairchild, administrator of the estate of Jennie M. Leavett, and Susan A. Sowle, Jennie C. Broen,

Philip Bartlett, heirs at law of the said Jennie M., parties plaintiff; to make other proper amendments to certain allegations and to the prayer of his bill.   The application to so amend was denied, to which ruling of the court plaintiff excepted.

These amendments were matters of substance.   No doubt these amendments were refused under the misapprehension that the facts set forth in plaintiff's bill were *res judicata* as between the plaintiff and the defendants, as was held by the court, otherwise the amendments would have been, not only proper, but some of them necessary to a proper decree (*Beardsley* v. *Knight,* 10 Vt. 185, 33 A. D. 193; *Noyes* v. *Sawyer,* 3 Vt. 160) and should have been allowed.

[12]   Where one sues in a representative capacity all the essential facts should appear of record, so that the court may see whether one may properly represent the rights of all.   21 C. J. 287.   See 18 C. J. 907, 908, 909.

*Decree reversed and cause remanded.*