EMMA McCUSKER, RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Argued May 29, 1929—Decided February 3, 1930.

For the appellant, *William P. Braun.*

For the respondent, *Alfred Brenner.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment of the Supreme Court based upon an order made by Judge Oliphant of the Circuit Court sitting as Supreme Court commissioner pursuant to rules 93 and 94 of the Supreme Court, and which order directed that the answer interposed by defendant be struck out. One or two technical objections to the order and judgment were abandoned at the argument, and the real questions raised on the appeal were whether on the motion for summary judgment plaintiff had shown facts justifying a recovery, and on the other hand whether defendant had, in the language of rule 80 of the Supreme Court, shown such facts as (should have been) deemed by the judge hearing the motion, sufficient to entitle it to defend.

Plaintiff's case was that she had been injured while a passenger in a jitney bus owned and operated by the B. and N. Transportation Company who were insured by defendant's policy against liability for damages on account of accident; the policy running to the benefit of parties injured as required by the Jitney Bus act of 1916 (*Pamph. L., p.* 283), and supplements and amendments thereto; that she brought suit against the B. and N. Company and recovered final judgment therein for $12,500 and costs, and demanded from the defendant payment of said judgment or so much thereof as was covered by said policy, but that defendant had refused to pay. Defendant made formal denial of most of the above matters but admitted that plaintiff recovered judgment against the B. and N. Company and another and alleged that

such judgment had been taken to this court on appeal, without alleging that such appeal was still pending and undisposed of, although that was the fact. See *McCusker* v. *B. & N. Transportation Co., post, p.* 167. This answer was struck out, and summary judgment entered, as already stated.

Under the general point in the brief numbered III, which is that the order striking out the answer was "erroneously, improvidently and improperly made" several objections are urged, and these will be considered in order. The first is that the allegations in the moving affidavit made by plaintiff's attorney as to the circumstances of the accident are hearsay. The answer to this is that the affidavit submitted for defendant states the same essential circumstances as having been testified to at the trial of the other case, and this on personal knowledge of defendant's counsel, who tried the case.

The next is that the allegation in the moving affidavit identifying the bus concerned in the accident as one covered by the policy, is a mere conclusion. This was not specially advanced at the argument of the motion and can hardly be taken seriously at this time in view of the obvious fact that appellant's counsel defended the accident case as appears by his own affidavit. Furthermore, the moving affidavit distinctly states that the bus in question was covered by the policy. This was challenged as hearsay; but plaintiff had a true copy of the policy and we must assume that plaintiff's counsel verified the description and number of the bus as stated in the policy.

The third subsidiary point is that the bus in question was not operating on its regular route and hence was not a "jitney" within the terms of the policy at the time of the accident. This point is settled adversely to appellant by the cases of *Connell* v. *Commonwealth Casualty Co.,* 96 *N. J. L.* 510, and *Sculthorpe* v. *Commonwealth Casualty Co.,* 98 *Id.* 845, with which appellant is doubtless familiar as a party to each case.

Finally it is urged that the suit is premature because an appeal was pending in the accident case. The rule is settled in this state that in a suit based on a judgment, the pendency

of an appeal or review by error is not a bar. *Suydam* v. *Hoyt,* 25 *N. J. L.* 230; *Murphy* v. *Montclair,* 39 *Id.* 673; 676, 677; *National Bank* v. *Dodge,* 42 *Id.* 316, 322; 3 *C. J.* 1263. The court in its discretion may stay the proceeding pending the determination of the appeal or writ of error, but apparently was not asked so to do in this case. As the judgment in the accident case has been affirmed by this court just prior to our decision in the present case, the need for such *ad interim* relief has now passed.

We find no error in the record or proceedings, and the judgment under review is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.