FIRESTONE TIRE & RUBBER COMPANY *v.* TYLER G. HART'S
ESTATE.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 7, 1932.

*Novak, Bloomer & Spero* for the defendant.

*Webber & Leamy* for the plaintiff.

MOULTON, J. The facts in this case are the same as those involved in *Firestone Tire & Rubber Company* v. *Elizabeth K. Hart,* decided at the present term of this Court. Elizabeth and the decedent, Tyler G. Hart, who were husband and wife, entered into a joint obligation whereby they agreed to be sureties for the payment of sums owed by William H. and John G. Keenan to the plaintiff. After default by the Keenans, Tyler died and Elizabeth became his administratrix. Suit was commenced against Elizabeth, and, in due time, a claim was presented to the commissioner of Tyler's estate, which was disallowed and on appeal taken to county court. The case against Elizabeth was tried without a jury, judgment was rendered for the plaintiff, and exceptions taken by the defendant. At a subsequent term of county court, the appeal from commissioners was tried, the case against Elizabeth being then pending in this Court, but not having come on for hearing. At the close of plaintiff's evidence a verdict was directed against the defendant estate and the defendant excepted.

The plaintiff offered in evidence the findings of fact in the case against Elizabeth, the entry of judgment therein, the record of the appearance of Elizabeth as defendant; and the writ and declaration in that case for the purpose of showing that the

subject-matter of the two proceedings was identical. All were received. The trial court held that the judgment against Elizabeth was conclusive as against the estate of her husband. The only exception briefed calls in question the soundness of this ruling.

■ ■ The general rule is that, as between the parties or their privies, a final judgment on the merits rendered by a court of competent jurisdiction is, in the absence of collusion or fraud, conclusive as to all the material issues therein involved. 1 Greenleaf Evidence (16th ed.), pars. 523, 528, 529; *Dunnett* v. *Shields,* 97 Vt. 419, 431, 123 Atl. 626, 632; *Spencer* v. *Dearth,* 43 Vt. 98, 104; *Cady* v. *Sanford,* 53 Vt. 633, 638, 640. This doctrine is said to be based upon the theory of estoppel. Greenleaf, *supra,* par. 523; *Cutler* v. *Jennings,* 99 Vt. 85, 89, 130 Atl. 583; *Dunnett* v. *Shields, supra.* It is dictated by a policy of repose, since "it is for the interest of the community that a limit should be prescribed for litigation; and that the same cause of action should not be brought twice to a final determination." Public tranquillity demands the end of the controversy. Greenleaf, *supra,* par. 522; 33 Harv. Law Rev. 850, 851; *Nason* v. *Blaisdell,* 12 Vt. 165, 171, 36 A. D. 331. Mr. Wigmore says that the operation of recognizing a judgment "in support of a plaintiff or in defense of a defendant is upon analysis not at all an employment of evidence. It is rather the lending of the Court's executive aid, on certain terms, to a claimant or a defendant, without investigation of the merits of fact." 2 Wigmore, Evidence (2nd ed.), par. 1347. The record of the entry of judgment, and the finding of facts, are admissible in evidence to show the fact of the judgment and the material issues involved. *Spencer* v. *Dearth, supra,* 43 Vt. at page 105; *Cady* v. *Sanford, supra,* 53 Vt. at page 639; *Littleton* v. *Richardson,* 34 N. H. 179, 187, 66 A. D. 759.

■ ■ Elizabeth and her husband, Tyler G. Hart, were joint promisors, and therefore in privity with each other under the holding in *Spencer* v. *Dearth, supra,* 43 Vt. at page 110. See, also, *Brown's Admr.* v. *Johnson,* 13 Grat. (Va.) 644. Consequently the same privity exists between Elizabeth and her husband's estate. The situation is not one where a judgment against an individual is not to be held binding against the same person acting in a representative capacity as in *Buck* v. *Hunter,* 98 Vt. 163, 168, 126 Atl. 504. The common-law rule that a

judgment against one joint contractor is a bar to a subsequent action upon the same obligation against another joint contractor, since, in such a case, there can be but one recovery, because there is only one debt (see *Heckemann* v. *Young,* 134 N. Y. 170, 31 N. E. 513, 514, 30 A. S. R. 655; *Mason* v. *Eldred,* 6 Wall. [73 U. S.] 231, 18 L. ed. 783, 785; *King* v. *Hoare,* 13 M. & W. 494, 505), does not apply here because by G. L. 3303 it is provided that when one of two or more joint contractors dies his estate shall be liable therefor, and the claim may be allowed by the commissioners as if the contract had been joint and several. This statute modifies the rule of the common law that the death of a joint contractor discharges his estate to the extent of making the estate of the deceased promisor liable for the debt, but the liability of the survivor is unaffected thereby. *Hogan* v. *Sullivan,* 79 Vt. 36, 40, 64 Atl. 234.

Since, therefore, in the instant case, the defendant estate is in privity with the defendant in the former suit; the issue is the same in each case; the record shows that the proposed defense to the validity of the obligation is also the same; and the action is not barred by the first judgment, we conclude that the judgment against Elizabeth is conclusive against the estate of the deceased husband, unless it has been deprived of the quality of finality by the filing of a bill of exceptions and the transfer of the case to the Supreme Court.

In order to operate as an estoppel, the judgment must be final. *Merriam Co.* v. *Saalfield,* 241 U. S. 22, 28, 60 L. ed. 868, 872, 36 Sup. Ct. 477. Upon the question whether the pendency of an appeal or other proceedings of that nature prevents the requisite finality, the authorities are not harmonious. In some jurisdictions it is held that a judgment or decree cannot be used as *res adjudicata* pending an appeal to a higher court. *Bryar* v. *Campbell,* 177 U. S. 649, 654, 44 L. ed. 926, 928, 20 Sup. Ct. 794; *Brown* v. *Campbell,* 100 Cal. 635, 35 Pac. 433, 38 A. S. R. 314, 321; *Souter* v. *Baymore,* 7 Pa. 415, 47 A. D. 518, 519; *Haynes* v. *Ordway,* 52 N. H. 284, 285; *Sutton* v. *Dunn,* 176 N. C. 202, 96 S. E. 947, 949. But, as is said in *Contra Costa Water Co.* v. *Oakland* (C. C.), 165 Fed. 518, 529: "By the weight of judicial decision generally, it is held that, where the power of an appellate court is confined to the affirmation, reversal, or modification of the judgment or decree which is appealed from, the appeal and the *supersedeas* merely operate

to stay execution and other final process upon the judgment, and that either party may invoke it as an estoppel." The authorities adhering to this view are, among others, *Parkhurst* v. *Berdell*, 110 N. Y. 386, 18 N. E. 123, 126, 6 A. S. R. 384; *People* v. *Rickert*, 159 Ill. 496, 42 N. E. 884, 886; *Nill* v. *Comparet*, 16 Ind. 107, 79 A. D. 411, 413, and note; *Watson* v. *Richardson*, 110 Iowa, 698, 80 N. W. 416, 80 A. S. R. 331, 332; *Willard* v. *Ostrander*, 51 Kan. 481, 32 Pac. 1092, 37 A. S. R. 294, 297; *Smith* v. *Schreiner*, 86 Wis. 19, 56 N. W. 160, 39 A. S. R. 869, 871, 872; *Bank of North America* v. *Wheeler*, 28 Conn. 433, 73 A. D. 683, 687; *McCusker* v. *Commonwealth Casualty Co.*, 106 N. J. Law, 116, 148 Atl. 897, 898; and see, also, annotation, 37 A. S. R. 29 *et seq.*

Under our practice the judgment of a trial court in an action at law is not vacated by the allowance and filing of a bill of exceptions, but it still remains valid until reversed or annulled. *Essex Storage Electric Co.* v. *Victory Lumber Co.*, 93 Vt. 437, 444, 108 Atl. 426; *In re Cote*, 93 Vt. 10, 13, 106 Atl. 519. Execution is not thereby stayed as of course, G. L. 2255. The whole case does not come to this Court for review, but only so much of it as is covered by the assignments of error of the excepting party. *Essex Storage Electric Co.* v. *Victory Lumber Co. supra.* There is therefore ground for saying that the instant case comes within the rule that the judgment is final in the required senses notwithstanding the pendency of the exceptions.

No matter which view may be adopted an anomalous situation is likely to arise. If it is said that the judgment is not final under these circumstances, other controversies may be carried on involving the same issue and contrary decisions obtained; on the other hand if the judgment is held to be final and is thereafter reversed, another judgment may meanwhile have been obtained upon the strength of it, which cannot be reversed because it was correct when made, and is not affected by the subsequent reversal of the first judgment. *Willard* v. *Ostrander*, 51 Kan. 481, 32 Pac. 1092, 37 A. S. R. page 296; Freeman on Judgments, § 328. Undoubtedly the proper procedure in such a situation is to continue the case until disposition shall be made of the pending exceptions in the prior proceeding. In this way all possible embarrassment arising from

either view of the finality of the judgment can be avoided. *Brown* v. *Campbell, supra.*

However, it is not necessary for us at this time to state our adherence to either view. The judgment against ·Elizabeth has been affirmed. If there were error in the ruling of the trial court concerning its conclusive effect upon the present defendant, it is rendered harmless and is not a cause for reversal. Even if it were not so before, the judgment is now final. *Russell* v. *Russell,* 134 Fed. 840, 67 C. C. A. 436, 437.

The question of the effect of a judgment as an estoppel usually arises where it is pleaded in bar by defendant. But generally speaking ''estoppels must be mutual, and therefore a party will not be concluded by a former judgment unless it would have been a protection to him had it been the other way; and conversely, no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case.'' *Dunnett* v. *Shields, supra.·* In the instant case, had the former judgment upon the issues presented been in favor of Elizabeth, it would have been a bar to the present action. Hence, the plaintiff can now claim the benefit of it.

The defendant attempts to raise a question as to damages, but since what is said concerning it, in the brief, is only a practical repetition of what was said upon the subject in the trial court, it is inadequately presented, and so not for our consideration. *Dumont* v. *Cromie,* 99 Vt. 208, 215, 130 Atl. 679; *Temple et ux.* v. *Atwood,· 100 Vt.* 371, 373, 137 Atl. 321.

All questions raised have been considered.

*Judgment affirmed.* ·